## Case No. 8,703.

### McCLOUD v. COLTMAN.

[Cited in Ten Broeck v. Pendleton, Case No. 13.827. Nowhere reported; opinion not now accessible.]

---

McCLURE (PLATT v.). See Case No. 11,218.

---

## Case No. 8,704.

### McCOBB v. LINDSAY et al.

[2 Cranch, C. C. 215.] [1]

Circuit Court, District of Columbia. Nov. Term, 1820.

FACTORS—LIEN—GENERAL BALANCE—SALE BY—SECRET PRINCIPAL—SET-OFF.

1. A factor may retain for a general balance due from his principal.

2. If a factor sell in his own name, the vendee cannot set off a claim against the factor's principal, not yet payable.

Assumpsit for salt sold 16th December, 1818. It was known that the salt belonged to Henop & Co., of Norfolk, it having been consigned by them, to the plaintiff, for sale. The defendants [Lindsay & Hill] paid half in cash, and promised to pay the balance in ten days to the plaintiff. On the 16th of October, 1818, the defendants, by their factor at Norfolk, had sold flour to Henop & Co. payable on the 22d of February, 1819; and the plaintiff had, on the 28th of November, 1818, drawn a bill on Henop & Co., payable in sixty days,

which they had accepted, but failed before it became payable. The defendants now claimed to set off against the plaintiff's claim for the balance due for the salt, their claim against Henop & Co. for the amount due for the flour.

Mr. Taylor, for plaintiff. The plaintiff has a right, at law, to maintain this suit in his own name, and has a right to retain the money, when recovered, as against Henop & Co. A factor has a right to retain for a general balance due from his principal. He has a legal right to recover, and has, at least, equal equity with the defendants.

Mr. Mason, contra. It makes no difference that the debt of Henop & Co. to the defendants was not payable when the money became payable for the salt. The plaintiff acted as consignee of Henop & Co., and the defendants having possession of the money, have a right to retain it.

Mr. Taylor, in reply. The contract was made with the defendants, by the plaintiff, in his own right. When the money became due from the defendants to the plaintiff, the defendants had no right to retain it; and if the forms of law would then have permitted the plaintiff to obtain judgment, the defendants could not have availed themselves of the set-off.

THE COURT (THRUSTON, Circuit Judge, absent,) was of opinion that the defendants could not set off against the plaintiff, in this action, their claim against Henop & Co.

---

## Case No. 8,705.

### McCOBB v. TYLER.

[2 Cranch, C. C. 199.] [1]

Circuit Court, District of Columbia. April Term, 1820.

ATTACHMENT—GARNISHEE—EFFECT.

The attachment first served on the garnishee binds the effects in his hands, although the marshal had other and prior attachments in his hands at the time of such service.

This was an attachment served by summoning John Wheelwright as garnishee, by order of the plaintiff. The marshal had in his hands a prior writ of attachment upon which he was not required to summon Mr. Wheelwright as garnishee.

Mr. Mason, for the prior attachment. The general rule is that the marshal must first serve that writ which comes to his hands, and upon any property upon which he has any knowledge.

Mr. Taylor, contra. The attachment only binds from and by the levying of it.

THE COURT (nem. con.) was of opinion that the prior attachment did not affect the money in the hands of Mr. Wheelwright.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]