TALBOT, ET AL. VS. HARDING.

A garnishment is like an attachment—the first service creates the prior lien.

APPEAL from Montgomery Circuit Court.

SCOTT, *for Appellants, insists:*

There being no bill of exceptions in this case, the defendant in error insists that this Court will not review the case, and depends upon the decisions, 7 M. R. 50, 285. But the law, as laid down in these cases, can only apply when the record does not present fully the points decided by the Court below.

In this cause the record presents all the facts which were considered by the Court below, and the points upon which the writ of *mandamus* was refused.

*Talbot, et al.* vs. *Harding.*

SHELEY, *for Appellee, insists :*

1st. Hall having been previously garnisheed by the Fishers, it was nothing but right and justice that they should have a judgment in their favor against Hall, and entitled to a satisfaction of their debt out of the indebtedness of Hall to Brown—indeed, it is the plain letter of the statute.   Rev. Code p. 662 §11.

2d. *Mandamus* is not the appropriate remedy; if the justice erred, the Talbots should have appealed.

3d. The fact of the justice signing a notice, which was served upon Hall, does not vitiate the garnishment; the notice is only required as a protection to the garnishee, and no other person can avail himself of it.

4th. A party cannot, in this Court, avail himself of any error of the Circuit Court, unless he excepts to the opinion of the Circuit Court, and that exception is saved.   R. C. p. 820, §25; Consaul & Barbour vs. Lidell, 7 M. R. 250.

5th. This Court cannot look into the papers in a cause unless they are incorporated into a bill of exceptions, and made a part of the record.   Pratt vs. Rogers, 5 M. R. 51.   There being no bill of exceptions in this cause, this Court cannot review the proceedings of the Court below, this Court being bound to presume every thing in favor of the Court below.   Crane vs. Taylor, 7 Mo. R. 285; Atkinson vs. Lane, 7 Mo. Reps. 403; see statute before referred to.

SCOTT, J., *delivered the opinion of the Court.*

This was a proceeding by *mandamus,* on the part of the appellants against the appellee, a justice of the peace, to compel him to render a judgment in favor of the appellants, against Henry Hall, a garnishee. It appears from the return of the justice to the conditional writ, that A. & C. Fisher obtained judgment against Johnson Brown, on the 21st Dec., 1844, on which execution issued on the 31st March, 1845, returnable to the 30th May.   No property being found, Henry Hall was summoned, as a garnishee, to answer interrogatories touching his indebtedness to the defendant in the execution, Johnson Brown.   In September, 1844, the appellants recovered judgment against Brown, on which execution issued on the 31st day of March, 1845, returnable to the 30th day of May.   No property being found, Henry Hall was also summoned, at their suit, as garnishnee; this garnishment was long subsequent to that of A. & C. Fisher.   On the return day of the execution, the agent of the Fishers was unable to attend the justice's Court, from sickness.   The appellants attended, and demanded judgment in their favor against Hall; the justice refused to enter it, but continued the cause for the Fishers, to a day when they attended, and then entered judgment for them against Hall. Hall's indebtedness to Brown was not sufficient to satisfy both executions.

From this statement of facts, it is clear that the appellants have no cause of complaint.   Their garnishment of Hall was long subsequent to that of the Fishers, and a garnishment being a species of attachment,

Hall being first garnished, at the suit of the Fishers, their right to satisfaction, out of the debt of Hall, was prior to that of the appellants. The maxim applies *qui prior est in tempore, potior est in jure.*

The other Judges concurring, the judgment will be affirmed.