————o————

LABAN PRITCHARD, *et al.*, Respondents, *vs.* EDWIN TOOLE, Curator, &c., Appellant.

1. *Execution—Garnishment under—Interrogatories filed by plaintiff—Prior execution—Payments.*—Where plaintiff in an execution causes interrogatories to be filed and garnishees to be summoned, it is error for the court to order money, paid into court under those proceedings, to be turned over to the plaintiff on a prior execution against the same defendant; plaintiff in the first execution not having ordered interrogatories to be filed, or garnishees summoned. And *semble*, that no such steps can be taken on an execution by the sheriff without directions of plaintiff.

*Appeal from Buchanan Circuit Court.*

*Vinyard & Young*, for Appellant.

*Loan & Mossman*, for Respondents.

SHERWOOD, Judge, delivered the opinion of the court.

The facts, which stand admitted by this record, are briefly these :

An execution for the sum of $880, in favor of the State of Missouri to the use of Buchanan county, and against Willis M. Sherwood, Laban Pritchard and others, was issued on the 21st day of January, 1873, out of the office of the clerk of the Buchanan Circuit Court, and was placed in the hands of the sheriff of said county. A like execution, and based on the same judgment as the execution last mentioned, was on the 11th day of February, 1873, placed in the hands of the sheriff of DeKalb county.

On the 25th day of January, 1873, an execution was issued

out of said clerk's office for the sum of $509.60, in favor of Edwin Toole, curator, &c., and against said Willis M. Sherwood and Thomas A. Green, and on the day of its issue, placed in the hands of the sheriff of Buchanan county.

On the 21st day of January, 1873, an execution for the sum of $743.60, was also issued by the clerk of said Circuit Court, in favor of Buchanan county, and against Willis M. Sherwood, and on the day afterwards placed in the hands of said sheriff.

Laban Pritchard and others were the sureties of the said Willis M. Sherwood, on his official bond as clerk of the County Court of Buchanan County, and the judgment against said Sherwood, Pritchard and others, on which the above mentioned executions issued, was rendered against the said Sherwood, and against the said Pritchard and others as said sureties.

John A. Winstead, B. F. Saunders and E. B. Robinson, were on the 11th day of February, 1873, by the sheriff of Buchanan County, at the request of Edwin Toole, curator, &c., summoned as garnishees, by virtue of the execution in favor of said Toole, and against the said Sherwood and Green as debtors of said Sherwood.

Toole duly filed his interrogatories, and Winstead, Saunders and Robinson answered the same, confessing an indebtedness to Sherwood, of $335.00, and on the payment of said sum into court, were discharged.

The sheriff of Buchanan county did not summon as garnishees, Winstead, Saunders and Robinson, nor were they ordered to be summoned on the two executions, one to the use of, and the other in favor of, Buchanan county against the said Sherwood, and his sureties, Pritchard and others.

The sheriff of DeKalb county, on the 12th day of February, 1873, summoned said Winstead, Saunders and Robinson, as debtors of said Sherwood, and as garnishees on the execution in favor of the State of Missouri to the use of Buchanan county against Sherwood and his sureties aforesaid.

The interrogatories filed by Toole were the only ones propounded to those who were garnished.

On this state of facts, the court, (it would seem on the mo-

tion of Pritchard and others, the sureties of Sherwood, though this is a matter of mere conjecture, as the motion which ap. pears in the transcript is not incorporated in the bill of exceptions,) made an order commanding the sheriff of Buchanan county to "apply the money paid into court by John A. Winstead, B. A. Saunders and E. B. Robinson, garnishees, summoned at the suit of Edwin Toole, curator of the minor heirs of Charles L. Clarke, deceased, plaintiff in a certain execution issued by this court in favor of said Edwin Toole, curator as aforesaid, plaintiff against Willis M. Sherwood and T. A. Green defendants, and now in the hands of the said sheriff, *pro rata* to the payment and satisfaction of two executions issued by this court, one in favor of the State of Missour i to the use of Buchanan county, plaintiff, against Willis M. Sherwood, Laban Pritchard, Joseph Matthews, John M. Jeffries, Logan Maxwell and Thomas Young, defendants, and one in favor of Buchanan county, plaintiff, against Willis M. Sherwood, defendant, and that plaintiff (respondent here) recover of defendant (the appellant) the costs herein expended, and have therefor execution."

After moving unsuccessfully to have this order set aside, Toole brings this case here by appeal, and the only question is, on what execution is the money paid into court by the garnishees to be applied.

Mr. Drake in his work on Attachment, says : "In garnishment, as in the case of a levy, attachments take precedence in the order of their service." (Drake Attach, § 455.)

And under our statute, the service of garnishment and the subsequent proceedings are the same, whether the process be attachment or execution. (W. S., 664, § 2.)

But by the terms of that section, it is not made the duty of the officer, who holds an execution, to summon garnishees, except "when directed by the plaintiff, his agent or attorney." Nor does the writ of *fieri facias* contain any clause of summons for garnishees, as does the writ of attachment. (W. S., 184, § 18 ; 602, § 2.)

The writ of attachment, on the contrary, bears upon its face

a general command to the officer to summon as garnishees all persons, in whose possession, &c., any personal property, rights, credits, &c., of the defendant may be, and a special command in addition thereto, requiring the garnishing of such persons as may be named by the plaintiff, or his attorney.

And as the statute in the case of executions makes it the duty of the officer to garnish any one upon the direction of the plaintiff, &c., it would seem to leave no room for doubt, that when not so directed, it is not the officer's duty to summon garnishees.

Indeed, if garnishment process were under such circumstances served, it would be matter of grave doubt, whether it would be valid ; for the officer would not be acting either in conformity with the exigency of the writ, in obedience to the law, nor under the direction of the party.

The sheriff then, in the present case, would have departed from the path of his duty, had he without direction from the plaintiffs in the execution in favor of Buchanan county and to its use summoned any one as garnishees, by virtue of such executions, for as before stated, he was not directed so to do. The only direction to such effect proceeded from Toole, and he was the only person who, by his vigilance, pointed out the garnishees; had them warned ; propounded interrogations to them ; and secured the payment of the money they owed Sherwood into court. And yet by some strange misconception of the law, Toole is not only deprived, by the order of the court, of the advantages earned by his alertness and vigilance, but actually mulcted in costs, while attempting to do his duty as the curator of the minor heirs.

In McCobb vs. Tyler, 2 Cranch, C. C., 199, John Wheelwright was garnished by order of the plaintiffs. The marshal had then in his hands a prior writ, but upon which he had not been required to summon Wheelwright as garnishee, and the court, (*nem. con.*) held that the prior writ did not affect the money in the hand of the garnishee.

But the question we are considering is by no means an open one in this State.

The point is expressly decided in Talbot vs. Harding, 10 Mo., 350. There were two judgments in that case, one in favor of Talbot against Brown, rendered in September, 1844, and the other in favor of Fisher against the same defendant, rendered in December, 1845. Executions issued on both of these judgments March 31, 1845, and made returnable the 30th day of May following. Hall was garnished on both executions, but first on that of Fisher, and Judge Scott, in delivering the opinion of the court, held, that the first garnishment created and conferred the prior right, applying the legal maxim ; " *qui prior est in tempore, potior est in jure.*"

Judgment reversed and cause remanded, with directions to the court below to enter judgment in favor of Toole, in conformity with this opinion.

Judges Adams and Vories concur ; Judges Napton and Wagner absent.