EMMANUEL BRUNSWICK & CO., PLAINTIFFS IN ERROR, V. SAMUEL McCLAY, DEFENDANT IN ERROR.

1. **Practice:** ERROR: ASSIGNMENT OF ERROR. On a proceed. ing in error, when the assignment is "that the finding of the said court is against the law and the evidence," and no specific error of law is pointed out in the motion for a new trial, and the judgment being clearly warranted, by the finding of all the issues in favor of the defendant, the only question raised is simply whether the verdict of the court, upon the facts, is supported by the evidence.

2. **Chattel Mortgage:** POSSESSION OF PROPERTY BY THE MORTGAGOR: PRESUMPTION OF FRAUD FROM. In a controversy between the mortgagee and creditors of the mortgagor concerning mortgaged property found in possession of the latter, evidence showing that the mortgage "was made in good faith, and without intent to defraud such creditors," is imperatively required to overcome the legal presumption of fraud arising from such possession.

3. ——: ——: ——. In order to prevent such presumption of fraud in favor of creditors of the mortgagor, and the necessity of proof by the mortgagee of good faith in the execution of the mortgage to overcome it, an actual and continued change of possession of the mortgaged property is required.

4. ——: ——: ——. And where the mortgaged property, consisting of two billiard tables, kept by the mortgagor, a saloon keeper, in his saloon, for the use of his customers, was permitted to remain in his possession, although placed nominally in the charge of his bar-tender, and used in the business of the mortgagor; *Held*, That there was no such "actual and continued change of possession" as the statute requires to prevent the presumption of fraud as to creditors of the mortgagor.

ERROR to the district court for Lancaster county.

*D. G. Hull*, for plaintiffs in error.

*Cobb & Marquett*, for defendant in error.

LAKE, J.

The action below was brought by the plaintiffs in error to obtain the possession of two billiard tables and

accompanying furniture, which they claimed under a chattel mortgage executed to them by Michael Graham. The defendant had levied upon and held the property by virtue of several executions in favor of Graham's creditors. The court, without the aid of a jury, found the issues generally in favor of the defendant, and rendered judgment accordingly, to reverse which the case is brought here.

Six errors are formally assigned, but being substantially alike, they are fairly included within the first, viz.: "That the finding of said court is against the law and the evidence." This is a very general assignment. No specific error of law is pointed out here, nor was there in the motion for a new trial in the court below; and the judgment being clearly warranted from the finding of all the issues in favor of the defendant, it follows that the only question for our consideration is simply whether the verdict of the court upon the facts of the case is supported by the evidence.

This is virtually a controversy between the mortgagee of goods and chattels, and creditors of the mortgagor. Although there was no testimony to prove it, the fact that the mortgage was duly recorded is admitted by defendant's counsel in their brief. But it was neither proved nor admitted that the instrument had been renewed as the law requires. Gen. Stat., secs. 14, 15 Ch. 25. Neither was there any testimony showing that the mortgage " was made in good faith and without any intent to defraud such creditors," which is imperatively required to overcome the legal presumption of fraud, which the law attaches when the controversy is between the mortgagee and a creditor of the mortgagor, and concerning mortgaged property found in possession of the latter. Sec. 11, same Statutes.

It is contended, however, with much earnestness on behalf of the plaintiffs, that they took possession of the

property before the executions were levied, and thereby avoided the necessity of a renewal or proof of *bona fides*. If possession had been actually taken and retained under the mortgage, this would probably have been so. On this point, however, the utmost that is shown is, that some two months before the executions were levied, Hull, the agent of the plaintiffs, went to Graham's saloon and with his assent took nominal possession of the tables, at the same time putting them in charge of one Carr, who was then and for a long time afterwards in Graham's employ as bar-tender. The tables were not removed from the saloon, but remained there in their usual place, and were used by Graham in his business, and to his profit, precisely the same as he did before Hull went there, and until after the levy was made. This shows beyond a doubt that the "*actual and continued change of possession*," which the statute requires to prevent the presumption of fraud, was entirely wanting.

We not only fail to discover any want of testimony to support the finding, but we do not see how the court could have found otherwise from the evidence before it.

JUDGMENT AFFIRMED.