John A. McCormick, Respondent, v. St. Louis, Iron Mountain & Southern Railroad Company, Appellant.

### St. Louis Court of Appeals, December 22, 1885.

1. Appellate Jurisdiction—Constitutional Law.—A constitutional question which will oust the courts of appeals of appellate jurisdiction must be one which is at least fairly debatable.

2. —— The power of the legislature of 1860 to lessen the territorial limits of a town involves no such constitutional question.

Motion to dismiss an appeal from the Washington County Circuit Court.

*Overruled.*

B. Pike and George H. Benton, for the appellant.

John F. Bush, for the respondent.

Lewis, P. J., delivered the opinion of the court.

The respondent moves for a dismissal of this cause, on the ground that a constitutional question is involved in the matter of controversy, wherefore this court has no jurisdiction. If there were such a question in the case, the proper course would be, not a dismissal, but a transfer of the record to the supreme court.

The suit is for damages sustained by the plaintiff in the killing of his horse by the defendant's locomotive. The animal got on the track at a point where there was no fencing or cattle guard, and over ground which had formerly been within the corporate limits of the town of Irondale, but which, by an act of the General Assembly, approved January 16, 1860, had been cut off from the municipal territory. The supposed constitutional question is this : had the legislature any power to deprive the public of its vested rights in land which had been

previously dedicated by private individuals to the uses of the town ?

We have heretofore said, that a constitutional question to be such as would oust our jurisdiction, must be one that is fairly debatable. *The State v. Kaub*, 19 Mo. App. 149. We are all of opinion that the question stated, considered even as an abstraction, has not the least debatable force ; and moreover that it is not at all contained in the present record. 1. No vested right of the public will be affected by the final judgment in this cause, however it may go. 2. There can not be a question that, when the act referred to was passed, the legislature had absolute power and control to enlarge or diminish the territorial jurisdiction and boundaries of any municipal corporation in the state. 3. Such an act of enlargement or diminution would have been wholly distinct from, and independent of, any considerations of property right or public easement in the lands which might be thus excluded from or brought within the new municipal limits. 4. All such matters of property right and public easement would, therefore, be wholly irrelevant to the question whether the railroad company was excused from fencing because its track, at the point in question, was within the existing limits of the town corporation.

The motion to dismiss is overruled, with the concurrence of all the judges.