Otto Moser, Assignee, v. C. Claes et al., Appellants ; International Bank, Respondent.

### St. Louis Court of Appeals, November 23, 1886.

1. Fraudulent Conveyances—Mortgages and Deeds of Trust.—A mortgage of a stock in trade is fraudulent in law as to the mortgageor's creditors, where the mortgageor, at the time, reserves the right to continue to buy and sell and otherwise deal in the property as he had theretofore done.

2. ———— General Assignment—Rights of Assignee.—The assignee of mortgaged property occupies the former position of the assignor, and his admission that he holds the property subject to the mortgageor's rights, is not equivalent to constructive delivery of possession.

3. ———— Statute of Frauds—Delivery of Possession.—The delivery of possession which will cure the fraud in a mortgage to the mortgageor's use must be actual delivery and change of possession.

Appeal from the St. Louis Circuit Court, Shepard Barclay, Judge.

*Reversed and remanded with directions.*

Kehr & Tittman, for the appellants : The mortgageor was to remain in possession and conduct the business which rendered the mortgage void. *Sheppards v. Turpin*, 3 Gratt. 373 ; *White v. Graves*, 68 Mo. 220 ; *Goddard v. Jones*, 78 Mo. 518 ; *Stanley v. Bunce*, 27 Mo. 269 ; *Billingsley v. Bunce*, 28 Mo. 547 ; *The State v. Mueller*, 10 Mo. App. 87. The agreement and understanding between the bank and Leisse at the time of the execution of the mortgage, as testified to by Mr. Lange, made it a conveyance to the use of the grantor. *Weber v. Armstrong*, 70 Mo. 217 ; *Reed v. Pelletier*, 28 Mo. 177. The mortgage, being fraudulent and void as against appellants, who were judgment creditors of Leisse, the property conveyed by it to the bank never passed to the

assignee, Moser, under the deed of assignment, but against them remained the property of Leisse. Burrill on Assignments [4 Ed.] p. 151, sect. 110 ; *Estabrook v. Messersmith*, 18 Wis. 551 ; *Heinrich v. Woods*, 7 Mo. App. 236, 230.

F. A. WISLIZENUS and LOUIS GOTTSCHALK, for the respondent : A mortgage to secure indefinite future advances is good. *Foster v. Reynolds*, 38 Mo. 556 ; *Ackermann v. Hunsicker*, 85 N. Y. 43 ; *Shiras v. Caig*, 7 Cranch, 34 ; Jones on Chattel Mortgages, sect. 95. This mortgage does not, on its face, necessarily imply a power of sale in the mortgageor. *Hewson v. Tootle*, 72 Mo. 635 ; *Weber v. Armstrong*, 70 Mo. 220, approved in *The State v. Cooper*, 79 Mo. 464. The fact that the mortgageor sells, with the acquiescence of the mortgagee, does not of itself render the mortgage necessarily fraudulent. *Hewson v. Tootle*, 72 Mo. 635. Even though the mortgage were fraudulent, the mortgagee acquired possesion before the creditor levied ; the mortgagee is, therefore, entitled to hold as against the creditor. *Greeley v. Reading*, 74 Mo. 309 ; *Nash v. Norment*, 5 Mo. App. 545 ; *Cameron v. Marvin*, 26 Kan. 612 ; *Read v. Wilson*, 22 Ill. 377.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff, Moser, filed his petition stating that he had a fund of four thousand dollars in his hands as assignee of one Leisse. That the entire amount of such fund was claimed by the International Bank as proceeds of property mortgaged to it by his assignor, and that $2027.32 and interest parcel of said fund was claimed by Claes *et al.*, by virtue of a judgment and execution against Leisse, and the attachment by garnishment of him, the said Moser, under said execution. The petition prayed for an order requiring such rival claimants to interplead.

The court sustained the prayer, whereupon the plain-

tiff paid the money into court and was discharged. The claimants filed their respective claims to said fund, and the court upon hearing decreed the entire fund to the International Bank, whereupon Claes *et al.*, prosecute this appeal.

Touching the facts of the case there is no substantial dispute. It is conceded that the bank holds a valid claim against Leisse for an amount exceeding the entire fund in controversy, and that such claim arises out of Leisse's liability to the bank, secured, or intended so to be, by the mortgage hereinafter referred to. The judgment of the trial court, therefore, is correct, unless such mortgage, under the admitted facts of the case, was and is fraudulent in law as against Claes and others, creditors of Leisse.

The mortgage bears date April 13, 1879, and was duly recorded. It purports to convey to the bank all the engines, machinery, and fixtures, tools, and appurtenances of a certain box factory, and the lumber and stock on hand belonging thereto, also such other lumber or stock on hand, and engines, machinery, fixtures, and tools which might be acquired by said Leisse thereafter in the prosecution of the box factory business. Also, two horses and wagons.

At the time of the execution of the mortgage it was agreed between Leisse and the bank, that he was to continue and remain in possession of the property described in the mortgage, and that he was to continue to do the business of the factory as before, and deal with the property as if it were his own. He continued to do so until he made the assignment hereinafter mentioned.

Leisse made a general assignment of all his property, including the property mortgaged, July, 14 1884, to Moser, who immediately thereafter took possession of it. The president of the bank learning of this assignment, called upon the assignee, informed him of the mortgage and claim of the bank on the property, and

requested him to run the business as heretofore, which the assignee assented to.

The assignee thereafter applied to the court for leave to sell the box factory with all its stock in bulk, and by order of the court he did so sell it, realizing upon such sale four thousand dollars, which he deposited in the bank in his own name as a special deposit.

The appellants, Claes *et al.*, at the date of the assignment, were creditors of Leisse, and October 13, 1884, recovered a judgment against him on their claim for $2,027.32 and costs. They caused an execution to be issued on such judgment and caused the assignee, Moser, to be garnished on such execution.

Prior to the recovery of their judgment, they had presented their claim to the assignee for allowance, and it was allowed for $2,020.32. On this allowance the assignee paid them, November 10, 1884, a dividend of $405.86. This dividend, as the case finds, was paid out of the proceeds of certain assigned accounts and not out of proceeds of the mortgaged property.

August 1, 1884, the bank filed a petition in the assignment proceedings, praying for an order of court upon the assignee to pay to it the four thousand dollars proceeds of sale of the mortgaged property. August 20, 1884, the court made an order requiring the assignee to notify each creditor of Leisse to file objections with the assignee, within twenty days after his claim is established, whether he desired to contest the exclusive claim of the bank to this fund, and granted leave to the assignee to deposit the proceeds of the sale with the bank, on condition that if any creditor took action disputing such claim of the bank before October 1, 1884, the bank would return the fund. Notice of this order was served upon Claes *et al.*, August 30, 1884. Their claim was established before the assignee September 25, 1884, and the assignee was garnished on their execution October 13, 1884, within twenty days after their claim was established by allowance.

The parties upon the trial of the cause entered into the following stipulation :

" It was agreed that the appraisement, filed in the assignment proceedings of Leisse, of the property covered by the mortgage, represented the true value of said property; that said value was $5,404.25, of which sum the sum of $2,129 represented the value of the materials and stock in trade, and the remainder the value of the machinery." And it was agreed, in open court, that if the court should render a decree for the interpleaders, Claes and Lehnbeuter, and should find and decree that the mortgage was fraudulent and void only as to the materials and stock in trade, then the amount to be awarded to them of said four thousand dollars paid into court should be the same proportion of four thousand dollars, as the sum of $2,129, the appraised value of the materials and stock in trade, bore to $5,404.25, the appraised value of all the property.

These being all the facts of the case the judgment of the court awarding the entire fund to the bank can not stand as a matter of law. Leisse's mortgage to the bank, as far at least as it covered his stock in trade and materials, was void as to his creditors under the statute which makes conveyances to the grantor's use void to that extent. Rev. Stat., sect. 2496 ; *Stanley v. Bunce*, 27 Mo. 269 ; *Lodge v. Samuels*, 50 Mo. 204 ; *Dobyns v. Meyer*, 20 Mo. App. 69, 70.

An exception has been recognized in this state in favor of a mortgagee, who takes actual possession of the mortgaged property before other creditors of the mortgageor have seized it (*Nash v. Norment*, 5 Mo. App. 545 ; *Greeley v. Reading*, 74 Mo. 309), but there is nothing in this case to bring the bank within the limits of the exception as stated in those cases.

It can not be justly contended that the bank ever took possession of this property or its proceeds, prior to the seizure of the proceeds on the execution of Claes *et al.* The mere fact of notifying the assignee that it

claimed it under its mortgage, and the assignee's assent to hold the property, and manage it as theretofore is not even equivalent to symbolical delivery. The law requires actual and not constructive delivery of possession. Rev. Stat., sect. 2503; *Steele v. Benham*, 84 N. Y. 634; *National Bank v. Sprague*, 20 N. J. Eq. 13; *Brunswick v. McClay*, 7 Neb. 137; *Pickard v. Marriage*, L. R. 1 Ex. Div. 364. It is true the assignee became the bailee of the bank, but he became such not by virtue of the notice, but by virtue of the fact that he acquired only the title of his assignor, which was that of a bailee of the bank. Actual notice of a fact, of which he had already constructive notice by the registry of the mortgage, did not change his status in any way. Neither were the proceeds of the property ever delivered by him to the bank. He deposited them in the bank as any other customer might have done, and withdrew them from the bank in order to deposit them in court when he filed his petition for an interpleader. There is not a tittle of evidence in the case that he ever parted with the control of the funds from the day of the sale until their deposit in court. Under these circumstances the claim that the facts bring this case within the exception established by *Greeley v. Reading*, is not tenable.

We are asked in an ingenious argument by counsel for the bank to extend the doctrine of *Greeley v. Reading* beyond the letter, and to declare the true spirit of that decision to be, that whenever a mortgage, fraudulent as to the creditors of the mortgageor by reason of a reserved power of sale in the mortgagee, loses the power to cause further injury to general creditors, the reason for considering it fraudulent has ceased, and creditors lose their right to complain. The learned counsel overlooks the fact that mortgages of this character are void as to the mortgageor's creditors by unequivocal provisions of the statute, which this court is not at liberty to fritter away by ingenious dissertations on

the supposed policy of the law, and the respective equities of creditors.

We have followed *Greeley v. Reading* to the extent of points actually decided by that case, being bound to do so because it is the last controlling decision of the supreme court on those points. We have clearly intimated in *Dobyns v. Meyer* (20 Mo. App. 66), our regret that the court ever departed from the contrary rule laid down in *Armstrong v. Tuttle* (34 Mo. 432), and we are not inclined to extend a rule, which even, within its present limits, we are not prepared to vindicate on principle.

Finding that the mortgage was and is fraudulent and void as against the creditors of Leisse, as far as the materials and stock in trade are concerned, we order that the judgment be reversed and the cause be remanded to the trial court, with directions to make distribution of the fund in court as follows: To the interpleaders, Claes *et al.*, $1,575.85, and the residue to the International Bank, that being the proportion to which the parties are respectively entitled, according to their own stipulation, in the event of the determination of the case as now made. It is further ordered that the respondent pay the costs of this appeal and that the costs of the interpleader proceeding in the trial court be paid by the two interpleaders, share and share alike. All the judges concur.