GEORGE S. HARRIS ET AL., Appellants, v. VIRGIL M. HARRIS, ADMINISTRATOR, ET AL., Respondents

St. Louis Court of Appeals, April 19, 1887.

1. ASSIGNMENTS—RIGHTS OF ASSIGNEE—FRAUDULENT CONVEYANCES.— The assignee, under a deed of assignment for the benefit of the assignor's creditors, can not avoid a mortgage on the assigned property, which is good *inter partes*, on the ground that it is void as to the mortgageor's creditors.

2. ——— RIGHTS OF CREDITORS.—The creditors of an assignor for the benefit of creditors may, by a direct proceeding for that purpose, avoid a mortgage of their assignor, which is fraudulent as to them.

3. ——— INTERPLEADER—SUPERIOR DILIGENCE.—In an interpleader proceeding between a creditor and the mortgagee, in such a case, if such portions of the fund realized from the mortgage as can be challenged in the mortgageor's hands for fraud in the mortgage have been exhausted by prior proceedings, at the suit of another creditor, the judgment must be in favor of the mortgagee.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

BRECK JONES, for the appellants : If it appears on the face of the instrument, either expressly, or by necessary implication, that the grantor is to retain possession with a power of sale, the court will declare the deed to be void as a matter of law. *Weber v. Armstrong*, 70 Mo. 219 ; *Stanley v. Bunce*, 27 Mo. 269 ; *Voorhis v. Langsdorf*, 31 Mo. 451 ; *The State to use v. D'Oench*, 31 Mo.

453 ; *Reed v. Peletier*, 28 Mo. 173.   If made with intent to cheat, hinder, or delay creditors, the mortgage is void *in toto.   The State to use v. Jacobs*, 2 Mo. App. 183 ; *McNichols v. Rubleman*, 13 Mo. App. 522 ; Herman on Chat. Mort. sect. 104, note 6 ; *Cordes v. Straszer*, 8 Mo. App. 61 ; Bump on Fraud. Conv., 487, 595, 613, and cases.   The mortgage is a mere expression of confidence in the mortgageor.   It was given to secure indefinite advances for an indefinite period of time.   If good, the protection might be perennial.   Its effect was to hinder and delay creditors, as shown by the following cases, which also answer the objection that record is notice.   Notice of a void mortgage amounts to nothing.   *Robinson v. Elliott*, 22 Wall. 513 ; *In re Manley*, 2 Bond (Ohio), 261 ; *Collins v. Meyers*, 16 Ohio, 547 ; *Freeman v . Rawson*, 5 Ohio St. ; *The State to use v. Miller*, 10 Mo. App. 87.   The filing of the appellant's bill established a lien and priority.   *George v. Williamson*, 26 Mo. 190 ; *Jackson v. Robinson*, 64 Mo. 292 ; *Nieters v. Brackman*, 11 Mo. App. 600, and cases there cited.   The assignee, having elected to ignore the appellant's claim, has placed it beyond the power of the court to protect him, and he can consider it no hardship if he is compelled to defend himself, on the merits, in a suit by a claimant whom he, wilfully, refused to make a party to his bill of interpleader.   *Potter v. Stevens*, 40 Mo. 597 ; *Wilson v. Murphy et al.*, 45 Mo. 411 ; *McKittrick v. Clemens*, 52 Mo. 160 ; *Groschke v. Bardenheimer*, 15 Mo. App. 359.

LOUIS GOTTSCHALK and FRED WISLIZENUS, for the respondents :   The plaintiffs were not judgment creditors of August Leisse, and, therefore, cannot bring a creditor's bill.   *Dodd v. Levy*, 10 Mo. App. 121 ; *Crim v. Walker*, 79 Mo. 335 ; *Luthy v. Woods*, 1 Mo. App. 167 ; *Kent v. Curtis*, 4 Mo. App. 121.   The garnishment of the assignee, by Claes & Lehnbeuter, has priority over the plaintiff's claim.   *Prichard v. Toole*, 53 Mo. 358 ;

*Talbot v. Harding*, 15 Mo. 850 ; *Jackman v. Robinson*, 64 Mo. 292 ; *George v. Williamson*, 26 Mo. 190 ; *Zoll v. Soper*, 75 Mo. 462. The mortgage to the International Bank was not fraudulent, in fact, or in law. *Foster v. Reynolds*, 38 Mo. 556 ; *Ackerman v. Hunsicker*, 85 N. Y. 43 ; *Shiras v. Craig*, 7 Cranch, 35 ; Jones on Chat. Mort., sect. 95.

LEWIS, P. J., delivered the opinion of the court.

This action was commenced in the lifetime of August Leisse, who has since died, and is now represented by Virgil M. Harris, his administrator. The petition sets forth, substantially, that the plaintiffs are residents of Philadelphia, Pa., and that the defendant, Leisse, is indebted to them in the sum of $1,275.88, for goods, wares, and merchandise, sold and delivered to him in the months of March, April, May, June, and July, 1884 ; that Leisse was, and for many years had been, engaged in the box factory business, and, at the time of said sales, his stock in trade had become very much depleted, he was wholly insolvent, and made said purchases for the purpose of defrauding the plaintiffs, it being his intention never to pay for the things purchased ; that, in July, 1884, Leisse made a general assignment for the benefit of all his creditors, to the defendant, Otto Moser, as assignee ; that the assignee soon after, without any notice to the plaintiffs, but with the consent of the defendant, the International Bank, caused all of the assigned property to be sold in bulk for the sum of four thousand dollars ; that the defendant bank thereupon "resurrected" a chattel mortgage, bearing date April 30, 1879, which mortgage is set out at length in the petition. This instrument conveys to the defendant bank, in consideration of one dollar, and indebtedness mentioned, "all the engines, machinery, and fixtures, tools, and appurtenances constituting a box factory, as well as the two horses, harness, and wagons, and lumber, and stock on hand, belonging thereto. * * * Also, such

other lumber, or stock on hand, and engines, and machinery, fixtures, and tools, which may be acquired by said A. Leisse hereafter, in the prosecution of the box factory business." The condition follows that, "whereas Leisse is already indebted to the bank, and desires to obtain further advances from the same, now, if the said Leisse shall well and truly pay, and satisfy all such indebtedness, present or future, this deed is to be void, otherwise to remain in full force and effect." The petition further states that, under this mortgage, the bank claims the entire proceeds of said sale made by the assignee, and, on August 20, 1884, procured, from the circuit court, an order directing the assignee to notify all of Leisse's creditors of the bank's claim, and that each such creditor, if he desires to contest said claim, be required to file his objections with the assignee within twenty days after the allowance of such creditor's claim ; that, by the terms of the mortgage, and, also, by agreement between the parties to it, the mortgageor retained possession of the property pretended to be conveyed, carrying on the box factory business, and buying, selling, replenishing, changing, and disposing of the said stock, machinery, furniture, etc., with the knowledge and consent of the mortgagee ; that the mortgage was, and is, a conveyance to the use of the grantor, and was intended, by both parties, to cheat, hinder, and delay the creditors of Leisse ; that Leisse is now insolvent, and has no property subject to legal process ; that he is aged and infirm, and is without any prospect of becoming even partly able to pay any of his debts ; that the plaintiffs have duly proved up their claim before the assignee, for the sum of twelve hundred and eighty-six dollars ; that the assignee holds to the validity of the mortgage, and will, at the expiration of the said twenty days, pay over to the defendant bank, the proceeds of said sale, so that the plaintiffs will lose their debt ; that the plaintiffs are without any remedy at law. Wherefore they pray : (1) For a judgment against Leisse for the amount of

their debt. (2) That the mortgage be declared void, and that the plaintiffs' claim be paid out of the proceeds of the said sale. (3) That the assignee be enjoined from paying over said proceeds to the bank until the further order of the court herein.

It is alleged in the brief for the appellants that there was a judgment by default against Leisse's administrator, but this fact does not appear in the transcript before us. There was a general judgment for the other defendants.

The same mortgage above described was before this court for examination, as to its validity and effect, in the case of *Moser v. Claes* (23 Mo. App. 420). The facts of that case were sufficiently parallel with those developed in the present record, to lead to the same conclusion in both cases, as to the merits of the instrument in question. We there held, in effect, that the mortgage was fraudulent and void, so far as the materials and stock in trade were concerned; but that, as to the other property conveyed, it was a valid and forcible security, from the date of its registration, in favor of the International Bank. No satisfactory reason is shown us for a departure from those conclusions, and, after careful further consideration, we must re-adopt them, in their application to the present case. It follows that, to the extent of so much of the four thousand dollar fund as does not represent the stock in trade, the bank's prior claim, under its mortgage, is fatal to the plaintiffs' demand. It is shown by a calculation in the brief for appellants, that, by the effect of a certain stipulation at the trial, the value of the stock in trade is to be estimated at $1,575.89. This, then, is all that the plaintiffs could claim out of the fund, if there were no prior claim upon it, other than that of the International Bank.

The record shows that, on a day before this suit was instituted, Claes & Lehnbeuter obtained a judgment, by confession, against Leisse, for $2,027.32, and immedi-

ately caused execution to issue, and notice of garnishment to be served on the defendant, Moser, the assignee. The case of *Moser v. Claes* above mentioned, was the result of that garnishment, being an issue upon interpleader between Claes & Lehnbeuter, on the one hand, and the International Bank on the other, to determine which of them was entitled to the fund in the assignee's hands. The present plaintiffs were not parties to that proceeding, and are not bound by its resulting judgment, as a matter of law. But, from what appears of it in this record, we must hold that the garnishment takes precedence of the plaintiff's claim. It is not disputed that at least $2,027.32 would be required to satisfy the Claes & Lehnbeuter judgment, and this amount exceeds what will remain, after an appropriation of the share due to the International Bank, by virtue of its mortgage. Claes & Lehnbeuter had a judgment perfected against Leisse, but their garnishment is still pending, although virtually decided in their favor by this court, in reversing and remanding, with directions, the judgment in *Moser v. Claes.* It is clear, however, that their equities, as against the assignee, are prior to those of the present plaintiffs, who have not even a general judgment substantiating their claim against Leisse. Whether its allowance by the assignee does, or does not, give them a standing in court, to attack the mortgage for fraud in its execution, it is not material to inquire in this connection. The notice of garnishment antedates the commencement of this suit, and so establishes a prior claim upon the fund, as against these plaintiffs. *Talbot v. Harding,* 10 Mo. 350; *George v. Williamson,* 26 Mo. 190; *Pritchard v. Toole,* 53 Mo. 358; *Jackman v. Robinson,* 64 Mo. 292; *Zoll v. Soper,* 75 Mo. 462. If a point were made for the plaintiffs upon the fact that the assignment antedated the garnishment, this would argue no cause of action in the present proceeding, but would simply remit the plaintiffs to their rights under the assignment. The ad-

judication in this case must be confined to the funds in the hands of the assignee. And, as that appears to have been exhausted by prior claims, there remains nothing upon which a judgment can be rendered for the plaintiffs.

Some other interesting questions, arising upon the record, are ably discussed on both sides, in the briefs of counsel, but it is unnecessary here to remark further upon them, since the case is fully disposed of by what has already been said.

To prevent any misunderstanding, as to what the court holds in this case, and what was held in the case of *Moser v. Claes* (23 Mo. App. 420), it is proper to say that, in allowing one creditor to get, by superior diligence, a preference over another creditor, in respect of this fund, we necessarily proceed upon the assumption that the fund never passed to the assignee under the deed of assignment; since, if it had so passed, it would have become, under the operation of the statute relating to assignments for the benefit of creditors, subject to *pro rata* distribution among all the unsecured creditors of Leisse. But, as this court held, in *Haeussler v. Teichmann* (9 Mo. App. 594), the assignee in such a deed of assignment takes nothing for the purposes of the trust, except what the deed gives him. He can not impeach prior conveyances of his assignor for fraud. He does not, in this regard, stand as the representative of the creditors. He takes nothing which the assignor has previously conveyed to another, by any instrument which is good against the assignor. Such a conveyance may indeed be impeached for fraud, but this can only be done by a creditor; and this creditor, when he has gone to the expense of the litigation, which has resulted in the setting aside of such prior conveyance, is not to be put in the position of seeing the fruits of his superior diligence pass into a general fund for equal distribution among the creditors of the assignor. The law does not, after he has shaken the tree, allow all the other credi-

tors to share with him in gathering up the fruit. Our decisions in these two cases, therefore, proceed upon the view that the fund in controversy never passed to the assignee under the deed of assignment, for the purposes of his trust ; but that it is to be treated as a fund which has accidentally come into his hands.

With the concurrence of all the judges, the judgment of the circuit court is affirmed.