MORGAN MACHINE COMPANY, Appellant, v. JULIUS F. RAUCH, Assignee of A. B. SNETHEN and P. B. BENSON, Respondent.

**St. Louis Court of Appeals, May 8, 1900.**

1. **Assignee, Right to Prosecute and Defend Suits: TRUSTEE, DEED OF TRUST: ASSIGNOR: EQUITIES: STATUTORY CONSTRUCTION.** Under section 365, Revised Statutes 1899, the legislature intended by the phrase "trustee in a deed of trust" that the assignee was a trustee in a deed of trust resting upon some other consideration than bare prior indebtedness, such as partial payment, extension of time, or some other present consideration deemed valuable in law.

2. ———: ———: ———: **ATTACHMENT CREDITOR, RIGHT TO BRING SUIT: DEBTOR: FRAUDULENT CONVEYANCE.** An attachment creditor, with a writ legally levied upon the property of his debtor, is thereby entitled to bring suit to set aside any fraudulent disposition of such property.   Likewise a creditor, who has levied upon property fraudulently conveyed by his debtor, is entitled to sustain the lien thus acquired by appropriate action or defense.

3. ———: ———: ———: **ASSIGNEE: ASSIGNMENT.** And these rights or any others, belonging to the creditors with writs of attachment or execution validly levied on the property of their debtors, are given by the legislature to assignees under a general assignment.

4. ————: ————: ————: ————: LIEN. Under the facts of the record in the case at bar, a creditor whose execution had been levied upon the property in dispute, would have acquired a superior lien to the unrecorded contract between plaintiff and the assignor of defendant.

Appeal from the St. Charles Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

*J. F. & R. H. Merryman* for appellant.

(1) The value of the goods should be fixed in accordance with the value thereof at the time of the trial, and if such value has depreciated since taking of the goods, and the goods have been rendered of less value by reason of the acts of the party having possession thereof, such depreciation should be considered in fixing the damages for the taking and detention of the property. The cases of Woodburn v. Cogdal, 39 Mo. 222, and Miller v. Whitson, 40 Mo. 97, being disapproved. Chapman v. Kerr, 80 Mo. 158; Mix v. Kippner, 81 Mo. 93; Burkholder v. Rudrow, 19 Mo. App. 60; Kendall, etc., Co. v. Bain, 46 Mo. App. 581; Kerkindall v. Hartsock, 58 Mo. App. 234. (2) In refusing to permit appellant to offer evidence as to the value of the property, and rendering judgment as to the value of the property on the affidavit filed by plaintiff's agent, the court erred. Willison v. Smith, 60 Mo. App. 471. (3) In the lease it was specified particularly that the titles of the machines in controversy remained in plaintiff, and in the deed of assignment to defendant Snethen and Benson intentionally omitted any reference to them. In the affidavit of Benson, making a valuation of property assigned, the machines in controversy are again omitted. The Act of 1897, or section 365, p. 205, R. S. 1899, refers only to "assigned property," and as the machines in controversy were never assigned, therefore the

Act of 1897 is not applicable to the cause at bar and the court erred in refusing the declaration of law offered by plaintiff, and in granting defendant's instruction and finding for defendant.

*T. F. McDearmon* for respondent.

(1)   The contract introduced in evidence and solely relied on by appellant for a judgment in this case never having been recorded was fraudulent in law as to the assignee of A. B. Snethen and P. B. Benson, partners under the style of The St. Charles Box Company, and was as to said assignee null and void, and the court properly declared the law and rendered judgment for the assignee.   R. S. 1889, secs. 5178, 5180 and 5181, and the Act of the Legislature approved March 15, 1897, page 38, R. S. 1899, sec. 365; Paper Co. v. Printing Co., 77 Mo. App. 184; Parlin Orendorf Co. v. Hord, 78 Mo. App. 279.   (2)   Prior to the act of March 15, 1897, an assignee for the benefit of creditors stood in the shoes of the assignor and could not challenge the validity of his assignors' agreement or conveyance.   He was estopped as the assignor would be.   Jacobi v. Jacobi, 101 Mo. 507; Parlin Orendorf Co. v. Hord, *supra.*   (3)   That act was designed to give and did give the assignee for creditors the same rights and remedies that the creditors and purchasers for value have under sections 5178, 5180 and 5181, Revised Statutes of 1889.   Under sections 5178 and 5180, creditors and purchasers for value, both prior and subsequent, could assail the deed or conveyance of their debtor or grantor for fraud.   Collins v. Wilhoit, 108 Mo. 451. So under the plain language of that act the assignee can assail and overthrow such an agreement as the plaintiff in this case relied on to sustain its case.   This agreement not having been recorded was as against Rauch, the assignee, for the

creditors of the St. Charles Box Company, fraudulent and null and void. Collins v. Wilhoit, 108 Mo. 451; Paper Co. v. Printing Co., 77 Mo. App. 184; Parlin Orendorf Co. v. Hord, *supra*. (4) The instruction given by the court on the measure of damages properly declared the law. Willison v. Smith, 60 Mo. App. 469; Pope v. Jenkins, 30 Mo. 528.

BOND, J.—On the twenty-first of February, 1899, A. B. Snethen and P. B. Benson, co-partners in a box factory at St. Charles, Missouri, made a statutory assignment of partnership assets to Julius F. Rauch for the benefit of their creditors. Under this conveyance the assignee took possession of certain machines, one a setting-up machine number 1, and the other a nailing machine number 6, which machines his grantors held in their possession under an unrecorded written lease from the Morgan Machine Company, specifying the terms and conditions of the rental of the property, and providing further that at the expiration of a certain time the lessees should become the purchasers of said machines for $1,000, if it should appear at that date that they had previously made the payments and conformed to the agreements contained in said lease. The full title to the leased property was retained in the lessor until the purchase should take place according to the terms of the lease. The full payments required in the lease anterior to the vestiture of title thereunder, had not been made by the lessees at the date of their assignment, wherefore the lessor replevied the machines, and the defendant assignee answered setting up title in himself under the deed of assignment. The court sitting as a jury found the issues for defendant, and plaintiff appealed.

The first question presented by this appeal is, what changes in the rights of an assignee to prosecute or defend

actions for the assigned estate were made by the act of 1897
(Session Acts, page 38), now incorporated in section 365
of the revision of 1899 ? The language of this act is to wit:
"Every assignee under the general assignment law of this
state is hereby declared to be a trustee for the benefit of the
creditors of his assignor. Any such assignee shall have the
power and authority to prosecute such actions for property·
and make such defense to claims against the assigned prop-
erty as a trustee in a deed of trust, or an attachment or execu-
tion creditor with a writ levied on such property could prose-
cute or make." Prior to the adoption of the above act it
was uniformly held by the appellate courts of this state, that
a general assignment for creditors under the statute, though
resting upon a consideration supportable against the statute
of frauds, did not put the assignee upon the plane of a pur-
chaser of property in good faith for value and without no-
tice, and therefore left the estate in his hands subject to any
and all conveyances or equities which were enforcible against
the assignor. Peet v. Spenser, 90 Mo. 384; State to use.v.
Rouse, 49 Mo. 586; Thomas Mfg: Company v. Huff, 62
Mo. App. 124. The first sentence of the foregoing act de-
claring the assignee to be a trustee for the benefit of the
creditors of his assignor, is merely a reiteration of the effect
of the previous law on the subject of general assignments
for creditors. The next sentence of the above act, however,
changes the status of the assignee so far as to vest him with
the same power to sue for or defend the assigned estate
which a trustee in a deed of trust or an attachment or exe-
cution creditor with a writ levied on such property, by virtue
of such instrument or process levied, would have to recover
or hold the property against the acts or conveyances of the
grantor or debtor. We take it the statute had in view by the
phrase "trustee in a deed of trust," a conveyance to a trustee
upon some consideration other than the mere security of a

prior indebtedness of the grantor. For that consideration alone would not render the trustee in the deed of trust a purchaser in good faith for value and without notice, and unless he was such he could not, in the absence of a statute, acquire a greater title than that of his grantor. Bank v. Bates, 120 U. S. loc. cit. 557; Pomeroy's Eq. Jur., sec. 567; Napa Valley Wine Company v. Rinehart, 42 Mo. App. loc. cit. 183, and cases cited; Boettger v. Roehling, 74 Mo. App. loc. cit. 262, and cases cited. And it was for this very reason that statutory assignments, which were not supported by a different consideration from that of such trust deeds as were given only to secure antecedent debts, have been held hitherto to place the assignee simply in the shoes of his assignor with no higher rights to the assigned estate. Jacobi v. Jacobi, 101 Mo. 507; Russell v. Rutherford, 58 Mo. App. 553; Harris v. Harris, 25 Mo. App. 496. Hence it is only reasonable to conclude that the legislature did not, by the phrase in question, intend to signify such trustees in deeds of trusts as held subject to the infirmities of the title of their grantors since that construction would render the words wholly inutile as effecting any change in the status of the assignee. What the legislature intended by the phrase was a trustee in a deed of trust resting upon some other consideration than bare prior indebtedness, such as partial payment, extension of time, or some other present consideration deemed valuable in law. This conclusion is in consonance with the significance of the succeeding words of the act, which give to the assignee all the powers and rights which an attachment or execution creditor would acquire by the valid levy of a writ upon the property of their debtor. An attachment creditor with a writ legally levied upon the property of his debtor, is thereby entitled to bring suit to set aside any fraudulent disposition of such property. R. S. 1899, sec. 416; Implement Company v. Jones, 143

Mo. 253; Ridenour Bakery Company v. Monroe, 142 Mo. 165; Boland v. Ross, 120 Mo. 208; Miller v. Bartlett, 106 Mo. 381; Gens & Tiede v. Hagardine & Company, 56 Mo. App. 245. Likewise a creditor who has levied upon property fraudulently conveyed by his debtor, is entitled to sustain the lien thus acquired by appropriate action or defense. Again, a creditor of the vendee of a conditional sale, or a contract like the one between plaintiff and the defendant's assignor, is entitled to seize the property thus acquired by the vendee and have it applied to the satisfaction of the execution, in the absence of any record of the contract under which it was sold or delivered to the vendee. R. S. 1899, secs. 3410 and 3412; Collins v. Wilhoit, 108 Mo. 451. These rights or any others, belonging to creditors with writs of attachment or execution validly levied on the property of their debtors, are given by the present act to assignees under a general assignment. Under the facts in this record a creditor whose execution had been levied upon the property in dispute would have acquired a superior lien to the unrecorded contract between plaintiff and the assignor of defendant. R. S. 1899, sec. 3412. It follows that the assignee under the express language of the above statute is entitled to the equal protection of the statute against the contract of his assignors, and that the learned circuit judge did not err in so deciding. The judgment is affirmed.

Judge *Bland* concurs; Judge *Biggs* absent.