THE STATE *ex rel.* H. CLAY SEXTON, Collector, Respondent, v. W. R. DONALDSON, Executor, Appellant.

St. Louis Court of Appeals, December 6, 1887.

1. ADMINISTRATION—TAXES—STATUTE CONSTRUED.—Taxes which are due, if not paid by the executor without allowance, may be exhibited and placed in the third class.

2. ——— That a tax is not a debt in the legal sense of the term is immaterial, since it is by statute made a proper demand for exhibition and classification.

APPEAL from the St. Louis Circuit Court, JAMES A. SEDDON, Judge.

`Affirmed.*

KRUM & JONAS, for the appellant: The levying of taxes is a matter solely of statutory creation, and no means can be resorted to in order to coerce their payment other than those pointed out in the statute. *Carondelet v. Picot*, 38 Mo. 125. The statutory provisions in force, when the taxes now sought to be collected became delinquent, were: (1) as to personal taxes, section 6754, distraint; (2) as to taxes upon realty, section 6836, suit. A tax is not a debt, or in the nature of a debt. *Pierce v. Boston*, 3 Metc. 520; *Camden v. Allen*, 2 Dutcher, 393; *Carondelet v. Picot*, 38 Mo. 130; *Green v. Wood*, 7 Q. B. 178.

EUGENE C. SLEVIN, for the respondent: See section 184, Revised Statutes.

LEWIS, P. J., delivered the opinion of the court.

Bradford Allen died on November 26, 1884, and letters testamentary on his estate were granted to the present defendant on December 27, 1884. On December 9, 1886, the present plaintiff presented for allowance in

the probate court certain tax bills which had become
delinquent in the lifetime of the deceased. There were
five different claims, all of which were allowed by the
probate court, whereupon the defendant appealed to the
circuit court, where the allowances were confirmed, and
placed in the sixth class of demands against the estate.

It is contended by the defendant that no law author-
izes the enforcement of demands for taxes against the
estate by the methods here put in operation; that the
only provisions for enforcing the collection of taxes are:
As to taxes on personalty, by distraint, under Revised
Statutes, section 6754; and as to taxes on real estate, by
suit, under section 6836. It is a mistake to suppose that
these statutory provisions were intended to supersede
other means of collection, specially provided for, in the
cases of deceased persons. The remedies are cumula-
tive. By Revised Statutes, section 184, "all demands
against the estate of any deceased person shall be divided
into the following classes: * * * 3. All debts, in-
cluding taxes due the state, or any county, or incorpo-
rated city or town; and it shall be the duty of the
executor or administrator to pay all such taxes without
any demand therefor being presented to the court for
allowance."

It is argued that this section of the statute can not
mean that demands for taxes are to be allowed and class-
ified in the probate court, because they are not "debts"
in any sense of the term. "All debts, including taxes,"
is, therefore, an incongruous and unmeaning form of
words, to which no intelligible value can be given. Such,
at least, seems to be the substance and effect of an inge-
nious argument which traces from an early period the
successive evolutions in legislation which have led up to
the present form of the enactment. But we think that
the true solution of the question may be found by a sim-
pler and more direct process.

If any one rule of statutory interpretation is more
imperative than others, or more comprehensive of the ulti-
mate purposes of all rules, it is that which demands the

judicial ascertainment, if possible, of what the lawmaker intended to effect. It may be true that a demand for taxes due to the state is not a *debt*, because not founded in contract or agreement, and because it operates only *in invitum*. But to admit this establishes only that the statute, in using the words, "all debts, including taxes," violates the canons of good taste and of English grammar. What the legislature intended, nevertheless, to enact into a future rule of action, is as unmistakably patent on the face of the phrase employed as if the purpose were set forth in the aptest and most expressive words of our language. It is clearly intended that a demand or claim for "taxes due the state, or any county, or incorporated city or town," may be presented for allowance by the proper tribunal, and classified for payment, in the same manner, and with like effect, as if it were an ordinary debt. No philological dissertation is needed in such a case. The intent is palpably there, and we need not trouble ourselves about the fitness of the words used to express it, especially when it is quite certain that they express no other or different intent. The duty imposed upon the executor or administrator to pay the taxes without any demand for allowance does not interfere in any way with the effect of the previous provision. It is an independent regulation for the guidance of the executor or administrator, while the other applies to the rights and privileges of the holder of the claim.

No other question is here presented for our consideration, and, as we find that the court below correctly applied the statute under examination, we affirm the judgment. The other judges concur.