STATE *ex rel.* H. CLAY SEXTON, Collector, etc., Appel-
lant, v. EUGENE C. TITTMANN, Public Admin-
istrator, etc., Respondent.

### St. Louis Court of Appeals, May 8, 1888.

1.  REVENUE LAWS—APPELLATE JURISDICTION.—A suit by the tax
collector against an administrator for taxes assessed against his
intestate's estate, in which questions arise as to the nature of the
remedy that may be sought, is a "case involving the construction
of the revenue laws of this state," and is not within the appellate
jurisdiction of this court. Hence, the cause must be transferred
to the Supreme Court.

2.  PER ROMBAUER, P. J., DISSENTING:—The constitutional phrase
"involving the construction of the revenue laws of this state"
is not equivalent in meaning with "questions affecting the
revenue." It does not appear that the questions arising in this
cause are not covered by the latter expression. There should be no
transfer to the Supreme Court without a clearer warrant therefor
than appears in such a case.

APPEAL from the St. Louis Circuit Court, HON.
JAMES A. SEDDON, Judge.

*Transferred to the Supreme Court.*

E. C. SLEVIN, for the appellant.

A. M. GARDNER and SMITH & HARRISON, for the
respondent.

THOMPSON, J., delivered the opinion of the court.

Taxes were assessed against the estate of Carrie C.
Claiborne, deceased, in the hands of her administrator,
for the years 1877, to 1884, inclusive. These taxes his
successor, the public administrator, refused to pay, and
this action is brought in the circuit court against the
public administrator to recover the same, on the theory
of enforcing a supposed equitable lien of the state for
state, school, and city taxes. The court sustained a

demurrer to the petition, and the plaintiff has appealed to this court.

The action proceeds upon the theory that, as but two methods have been prescribed by law for enforcing the payment of personal taxes, namely, by seizure and by procuring an allowance of them in the probate court in the case of taxes assessed against the estate of a person who has since died, ' and that as neither of these remedies is applicable to the present case,—a remedy must exist in favor of the state by a suit in equity in the circuit court. There is no question here as to the legality of the assessment of the taxes sued for, or whether demand has been made at the proper times for their payment, or whether the public administrator has in his possession, belonging to the estate of Carrie C. Claiborne, funds with which to meet them. All these things are admitted by the demurrer. The sole question is, whether a suit in equity can be prosecuted for the recovery of personal taxes assessed against the estate of a deceased person in the hands of his administrator, no such action being given in terms by statute. It was said by the Supreme Court in a case much cited : "The levying of taxes is solely a matter of statutory creation, and no means can be resorted to, to coerce their payment, other than those pointed out in the statute. Should a tax be imposed, and no method provided by law for its recovery, a resort to legal proceedings would then be a matter of necessity. But this could only arise where the legislature had failed entirely to indicate any mode or manner of collection." *Carondelet v. Picot*, 38 Mo. 130. Whether or not, under a proper interpretation of the revenue laws, the state has no other remedy than an action in the circuit court, in a case of this kind ; whether it has not the ordinary remedy by seizure, which it has in the case where the personal property, in respect of which the taxes have been assessed, has been *assigned* for the benefit of creditors ( *State to use v. Rowse*, 49 Mo. 587 ) ; whether, if it has no other remedy, it is competent for the judicial

courts to create one ; and whether, if the judicial courts can create one, the remedy attempted in this case, on the theory that the state has what is called an *equitable lien* ( which remedy excludes the rights of trial by jury and commits the whole case to the judge sitting as a chancellor ), is a proper remedy ;—all or some of these are questions which it is impossible to determine without construing the revenue laws of this state.

It is admitted by counsel for the plaintiff that if a remedy by seizure exists, this action does not lie, and his whole argument in support of this action is predicated on the premise that a remedy by seizure does not exist. Whether a remedy by seizure exists, therefore, meets us at the threshold of the case. This is a question involving the construction of the revenue laws, and this case cannot, therefore, be decided without construing the revenue laws. Our decision in the recent case of *State ex rel. v. Donaldson, Administrator*, 28 Mo. App. 190, does not govern this question, because we regarded that case as calling merely for the construction of the statute relating to the administration of estates. The question here presented is entirely novel. The title of the plaintiff to maintain the action, if it exists at all, exists chiefly in virtue of the revenue laws of the state. The case is, therefore, plainly within the policy of the constitutional provision, and is one which is eminently proper for the decision of the Supreme Court.

By the recent constitutional amendment changing the jurisdiction of this court, it has no jurisdiction in cases which, under the original constitutional provision creating it and establishing its jurisdiction ( Const. Mo., art. 6, sec. 12 ), might have been appealed from this court to the Supreme Court ; but such questions are now appealable directly to the Supreme Court ( Laws of 1883, p. 216 ); among these cases are " cases involving the construction of the revenue laws of this state." Such appears to be the present case ; and, although both parties submit the question in dispute to our jurisdiction, as the question is one which relates to our

jurisdiction over the subject-matter of the controversy, which cannot be conferred by consent, we must transfer the cause to the Supreme Court. Laws of 1885, p. 121 ; *Arnold v. Hawkins*, 27 Mo. App. 476. It is so ordered. PEERS, J., concurs ; ROMBAUER, P. J., dissents.

ROMBAUER, P. J., delivered a dissenting opinion.

I cannot agree with my associates on the point that this case involves the construction of the revenue laws of this state within the meaning of the constitutional clause giving to the Supreme Court exclusive appellate jurisdiction in such cases. I further hold that we are not warranted to transfer a case to the Supreme Court in opposition to the views of the circuit judge who granted the appeal to this court, and in opposition to the views and wishes of counsel who present it here, unless we have at least reasonable grounds to hold that the Supreme Court has exclusive appellate jurisdiction thereof.

The phrase in the constitution "involving the construction of the revenue laws of this state" is not equivalent in meaning with "questions affecting the revenue." That has been decided by the Supreme Court.

My associates fail to point any part of the revenue laws of the state which is sought to be construed in this proceeding. The opinion states "that the inquiry whether the remedy by seizure exists, meets us at the threshold of this proceeding." That statement, however, is hardly warranted in view of the fact that neither of the parties claim that such remedy does exist, and in view of the further fact that the court does not point out any section of the statute under which it can be claimed.

We have repeatedly decided that this court will not consider itself deprived of its appellate jurisdiction on the ground that the case involves the construction of the constitution of the United States or this state, unless the constitutional question raised is fairly debatable.

State v. Kaub, 19 Mo. App. 149 ; McCormick v. Railroad, 20 Mo. App. 65 ; Clarkson v. Guernsey Furniture Company, 22 Mo. App. 109.   The question whether the remedy by seizure exists is, in view of the decisions in Brown v. Woody, Adm'r, 64 Mo. 551, and Bates County National Bank v. Owen, 79 Mo. 431, hardly debatable.   Nor is the question debatable whether] the courts can supply a legislative omission by judicial construction in view of the decisions of this court to the contrary, in Hewitt v. Truitt, 23 Mo. App. 443, 447, and Taafe v. Ryan, 25 Mo. App. 563, 567.

While I am inclined to resolve any reasonable doubt on a question of conflicting jurisdiction in favor of the Supreme Court, I think we should not raise jurisdictional questions not raised by the parties themselves, and against their desire transfer a case to another court already overloaded with business, unless we have a clearer warrant for so doing than this controversy presents.