SYENITE GRANITE COMPANY, Appellant, v. CHARLES H. BOBB *et al.*, Respondents.

### St. Louis Court of Appeals, November 5, 1889.

1. **Practice, Appellate.** When a cause is transferred by the supreme court to one of the courts of appeals, the order of transfer must be treated as an adjudication that the court of appeals has exclusive jurisdiction of the appeal.

2. **Special Tax Bills: ATTACHMENT IN ACTIONS ON.** The remedy by attachment in actions against non-residents of the state being authorized by the charter of the city of St. Louis, a general writ of attachment may issue in such actions, and a special levy may be made under it on the property, against which the special tax bill is issued.

*Appeal from the St. Louis City Circuit Court.*—HON. GEO. W. LUBKE, Judge.

REVERSED AND REMANDED.

*Leonard Wilcox*, for the appellant.

The court should uphold the special provision of the charter of the city of St. Louis authorizing attachments in suits on special tax bills, if by any reasonable method of construction it can be done. *State v. Railroad*, 48 Mo. 471; *State v. Laughlin*, 75 Mo. 150; *Conner v. Railroad*, 59 Mo. 293; *Sedgwick v. State*, pp. 266, 267, note; Maxwell on Statutes, p. 495. The attachment was fully authorized by both the Revised Statutes and the special provision of the charter. 1 R. S., secs. 308, 435, 437, 455; 2 R. S., p. 1610; *City of Kansas v. Ridenour*, 84 Mo. 253, 261; *Ward v. Beggs*, 18 Barb. 139; *Frank v. Seigel*, 9 Mo. App. 467, 468. Although a motion for new trial and rehearing was filed, it was not necessary. *Slagel v. Murdock*, 65 Mo. 522, 524; *Parker v. Wangle*, 34 Mo. 340; *O'Conner v. Kach*, 56 Mo. 253, 262.

*T. J. Rowe,* for the respondent.

The judgment in an action on a special tax bill must be a special one, and cannot run against property other than that benefited by the improvement. It cannot be a personal judgment. *Neeman v. Smith,* 50 Mo. 525; *St. Louis v. Allen,* 53 Mo. 44; *Carlin v. Cavender,* 56 Mo. 286; *St. Louis v. Bressler,* 56 Mo. 350; *Kiley v. Forsee,* 57 Mo. 390; *Louisiana v. Miller,* 66 Mo. 467. The remedy by attachment is founded on statutory law; and the writ when issued must be directed against all the property of the defendant. There is no statutory regulation authorizing a special attachment against particular property, consequently no such writ can lawfully issue. R. S. 1879, secs. 403, 415 and 416; *Gage v. Gates,* 62 Mo. 412; *Bachman v. Lewis,* 27 Mo. App. 89; *Bray v. McClury,* 55 Mo. 128. An attachment cannot be maintained in aid of an action on a special tax bill·

ROMBAUER, P. J., delivered the opinion of the court.

The substantial question presented by this appeal, is whether an attachment can be maintained in aid of a suit on a special tax bill.

The plaintiff contractor brought suit on a special tax bill for street improvements, against a number of defendants, part of whom were residents and part non-residents of the state. Upon the filing of the petition, statutory affidavit and bond, the clerk issued a writ of attachment in the ordinary form, which writ the sheriff levied upon the interest of the non-resident defendants in the property sought to be charged by the lien of the special tax bill.

At the return term of the order of publication, three of the non-resident defendants appeared and moved to dissolve the attachment, on the ground that attachment

does not lie for the cause of action set out in the peti-
tion. The trial court sustained the motion and dis-
solved the attachment. Hence this appeal.

The appeal was taken to the supreme court,
presumably on the ground that the case involved the
construction of the constitution of the state. As the
supreme court remanded it to this court, we must treat
its remanding order as an adjudication of the fact that
this court has exclusive jurisdiction of the appeal, and
that the case involves no constitutional question. *State
v. Farrell*, 23 Mo. App. 176.

The charter of the city of St. Louis (section 25,
article 6) contains a provision that in all suits upon
special tax bills, "in case the owner of the ground is a
non-resident of the state, suit may be brought by
attachment." The identical provision is found in the
city charter of 1870, article 8, section 15, and the free-
holders who framed the present charter retained it.
The charter is a public law. The freeholders who
framed it were invested by the constitution with ade-
quate legislative powers. The provision therefore is
entitled to the same weight as if it formed part of any
other public law, and must be enforced by the courts,
unless it cannot be harmonized with law enacted
directly by the legislature of the state. The judgment
of the trial court can logically rest on no other founda-
tion, than the assumption that the law in question
cannot be thus harmonized, and that is in substance the
gist of the argument made by the respondent in this
court.

Former charters of St. Louis and other cities in the
state contained the provision that the contractor might
proceed to collect these special tax bills by ordinary
process of law. The ordinary process of law, then known,
was a general judgment and general execution against
all the property of the owner, and the supreme court in
*St. Louis v. Clemens*, 36 Mo. 467, and in other cases,

following the mandate of the statute, decided that a general judgment and execution were the proper process in enforcing payment of these bills. That view was abandoned in *Neeman v. Smith*, 50 Mo. 528, where the court expressed a doubt as to the constitutional validity of a general judgment on a special tax bill and intimated that the judgment should be special against the property. In *St. Louis v. Allen*, 53 Mo. 50, the court decided squarely that a personal judgment in this class of cases was unconstitutional and void, yet, upon the second appeal of the case, affirmed a judgment against the property alone, which was entered upon a general verdict, although there was no express statutory warrant for such proceeding. *Seibert v. Allen*, 61 Mo. 482, 489.

It is an undoubted proposition that it is the duty of the courts to give such construction to a statute, if possible, as not to deprive it of all force and efficacy, and to enforce every provision of it as far as practicable. The same reasoning which in the cases above cited upheld a special judgment, in absence of any express statutory warrant authorizing it, is efficacious in upholding the seizure of specified property subject to a lien, on a general writ of attachment, where it is clear that an attachment is authorized and no special writ of attachment is provided for by law.

The argument that a tax is not a demand, and not the subject of a set-off, even if true, cannot defeat a right of attachment expressly authorized. *State ex rel. v. Donaldson*, 28 Mo. App. 190. That by the word attachment an attachment upon ordinary legal process is meant is evident, since that is the technical import of the word when standing alone. It results from these considerations that it is the duty of the courts to enforce the statutory remedy thus authorized, so as not to violate the adjudged law, which permits, in these proceedings, the seizure and sale of specific property only,

and that it is not their province to deny a remedy clearly authorized on the sole ground of seeming technical difficulties in its proper enforcement.

The judgment is reversed and the cause remanded. All the judges concur.