STATE OF MISSOURI, Respondent, v. JOSEPH T. FARRELL, Appellant.

St. Louis Court of Appeals, October 26, 1886.

1. JURISDICTION—CONSTITUTIONAL QUESTION—APPELLATE PROCEDURE. —An order of the supreme court, transferring to the court of appeals a cause theretofore sent to it on appeal from the trial court, on the ground that it involved a constitutional question, is equivalent to an adjudication that it involves no such question.

2. GAME LAWS CONSTRUED.—The statute prohibiting the killing or having in possession of certain game within a given period of time, is violated by having such game in possession within the prohibited time, irrespective of the time and place of their killing.

APPEAL from the St. Louis Court of Criminal Correction, E. A. NOONAN, Judge.

*Affirmed.*

ROMBAUER, J., delivered the opinion of the court.

Upon information filed, the defendant was convicted of having unlawfully in his possession, and of unlawfully selling in this city pinnated grouse, within the season when the catching and killing of said birds is prohibited by law. He was fined for each offence. The cause was tried upon an agreed statement of facts, whereby the defendant admitted the possession and sale of the birds as charged, and the state admitted that the birds were killed partly outside of this state, and partly in this state, at a season when the killing was not prohibited.

The defendant, thereupon, took an appeal to the supreme court on the ground that the case involved a construction of the constitution of the United States, and that the supreme court had appellate jurisdiction thereof. The supreme court, upon inspection of the

record, ordered the case to be transferred to this court, but filed no opinion in so doing.

The action of the supreme court in ordering a transfer of the record to this court, is necessarily a denial of the defendant's claim that the case involves a constitutional point. But, even were we justified to hold that the order of transfer was made with a view of having us decide all the points arising in the case, we would still have to affirm the judgment of the trial court, as we have repeatedly decided heretofore that the offence charged consists in having the game in possession or selling it, regardless of the fact where and when it was killed, and that the law does not violate any provision of the constitution of the United States or of this state. *The State v. Judy,* 7 Mo. App. 524; *The State v. Randolph,* 1 Mo. App. 17.

The judgment is affirmed. All the judges concur.