<table>
<tr><td>23</td><td>177</td></tr>
<tr><td>39</td><td>177</td></tr>
<tr><td>23</td><td>177</td></tr>
<tr><td>56</td><td>415</td></tr>
</table>

STATE OF MISSOURI, Defendant in Error, v. EDWARD KAUB, Plaintiff in Error.

### St. Louis Court of Appeals, October 26, 1886.

APPELLATE PRACTICE.—A cause having been taken by writ of error from the trial court to the supreme court on the ground that it involved a constitutional point, and thence transferred to the court of appeals, the latter court will treat such transfer by the supreme court ar equivalent to a decision by said court that the case did not involve a constitutional question.

ERROR to the St. Louis Court of Criminal Correction, E. A. NOONAN, Judge.

*Writ dismissed.*

Rombauer, J., delivered the opinion of the court.

This cause was heretofore before us on appeal and our opinion therein is reported in 19 Mo. App. 149. We affirmed the judgment of the trial court, whereupon the defendant sued out a writ of error in the supreme court directed to the trial court, on the ground that the case involved a construction of the constitution of the United States, within the meaning of section 12, article 6, of the constitution of Missouri. The supreme court upon examination of the record remanded the cause to us, thereby adjudging, as we had done theretofore, that the cause involved no constitutional point, and that we had exclusive appellate jurisdiction thereof. As we had passed on the merits of the case before, and affirmed the judgment of the lower court, it results that the only disposition we can make of this writ is to dismiss it. All the judges concurring the writ of error is dismissed.