Treadway v. Johnson.

DWIGHT TREADWAY, Appellant, v. JAMES B. JOHNSON, Respondent.

St. Louis Court of Appeals, February 4, 1890.

Practice Trial : RETRIAL AFTER REMANDMENT OF CAUSE BY APPELLATE COURT. When this court on appeal reverses the judgment appealed from and remands the cause, and the merits of the cause depend altogether upon questions of law which were determined by this court on the appeal, the trial court should, though the action be one at law, enter final judgment in conformity with the opinion of this court, and without a retrial of the cause.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Rochester Ford*, for the appellant.

*W. E. Fisse*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff sued for the recovery of two thousand dollars alleged to have been paid by him to the defendant's use. The defendant denied that the money was paid to his use, and set up a counter-claim consisting of a note for four thousand dollars executed by the plaintiff. Concerning the counter-claim there never was any controversy. The court upon trial found for the plaintiff on the main action, and for the defendant on his counter-claim, and, offsetting one claim against the other, rendered final judgment for the defendant for the sum of twenty-three hundred and eight dollars and thirteen cents. From the judgment thus rendered the defendant appealed to this court, and we reversed the judgment and remanded the cause to be proceeded with in conformity with our opinion. 33 Mo. App. 122.

When the cause reached the trial court, the defendant moved the court to enter judgment in his favor in conformity with the opinion of this court for the amount of the counter-claim, which the trial court did, rendering judgment for the defendant for the sum of forty-six hundred and five dollars and sixty-six cents. The plaintiff, when the motion was presented, insisted upon a new trial, but the court declined to try the cause anew, holding, that, under our opinion and mandate, the defendant was entitled to judgment without any further trial. The plaintiff thereupon appealed to the supreme court, but that court upon defendant's motion remanded the cause to this court, thereby deciding that the appeal was within the final appellate jurisdiction of this court. *State v. Farrell*, 23 Mo. App. 176; *State v. Kaub*, 23 Mo. App. 177.

The only question which seems to be presented on this appeal is whether the court erred in entertaining the defendant's motion to enter judgment, without

giving the plaintiff an opportunity of retrying his cause. The propositions involved in the cause were not propositions of fact, but propositions of law. The contract between the parties was entirely in writing, the meaning and legal effect of which the court construed when the case was here on the first appeal, holding their legal result to be, that the plaintiff paid the money, admitted to have been paid, for his own use and not for the defendant's use. Under these circumstances there was nothing for the circuit court to try after the cause was remanded, and the only judgment it could render, in conformity with the directions of our opinion, was the judgment which it actually did render. The supreme court, as well as this court, has frequently passed on the proposition of the duty of trial courts under such circumstances, and it is not open for further discussion. *Chouteau v. Allen*, 74 Mo. 58, 59; *Lackland v. Smith*, 5 Mo. App. 167, 579; s. c., 75 Mo. 307; *Relfe v. Ins. Co.*, 5 Mo. App. 185, 579; s. c., 75 Mo. 389; *Gamble v. Gibson*, 10 Mo. App. 335.

All the judges concurring, the judgment is affirmed.