THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-ENT, *v*. JOHN H. PHELPS, APPELLANT.

61h 115
173 NY⁴148

*Crimes — abortion — Penal Code, sec. 294 — advising a woman to take drugs, where such advice is not followed by any action on her part induced thereby.*

The Penal Code (§ 294) provides that, "A person who, with intent thereby to procure the miscarriage of a woman, * * * advises a woman to take any medicine, drug or substance, * * * is guilty of abortion."

Upon the trial of an indictment for such a crime the evidence showed such advice to have been given to the prosecutrix by the defendant; but it further appeared that the woman never went to the doctor who the defendant said might furnish the medicine, and that she never took any medicine, drug or other substance.

*Held,* that the conviction could not be sustained.

That mere advice, not followed by any action on the part of the woman based upon such advice, did not make out the crime of abortion.

APPEAL by the defendant John H. Phelps from a judgment, rendered by the Court of Sessions of St. Lawrence county on the 7th day of February, 1891, convicting him of the crime of abortion.

*V. P. Abbott*, for the appellant.

*C. A. Kellogg*, for the respondent.

LEARNED, P. J.:

The defendant was indicted and convicted under section 294 of the Penal Code, and he appeals from the judgment and conviction. We pass for the present the first question, viz., as to the sufficiency of the indictment, to consider whether the evidence showed a crime under that section. That section, taking the parts directly applicable, is as follows : "A person who, with intent thereby to procure the miscarriage of a woman * * * advises or causes a woman to take any medicine, drug or substance * * * is guilty of abortion," etc. We notice that the first part of the subdivision, which speaks of prescribing, supplying or administering, is made applicable whether the woman is pregnant or not. It is a peculiar enactment which thus says that abortion can be committed on a woman who is not pregnant. That provision is not in the latter part of the first subdivision, under which this case comes, nor in the second subdivision.

The testimony of the woman, towards whom the offense is alleged to have been committed, is to the following effect: That about the fifteenth of June she told defendant that a week or ten days had passed beyond the time of her monthly sickness; that he told her she should better have something done; that she told him what she thought should be done; that he told her that she would better see a doctor; that she would better go to Dr. S. first; that she was to go there and see Dr. S., and see if he would not give her something to produce an abortion; that he told her she could get some kind of medicine, and if she used it at the right time she could produce an abortion; that he told her the time was about the third month.

The witness testified to other conversations, at other times, with defendant similar in character. But the court held that these were admissible only on the probabilities of the former testimony, and that defendant could not be convicted for any advice given at other times. The case rests, therefore, on the testimony above given, assuming its truth.

It further appeared that the witness never went to Dr. S. There was no evidence that she ever took any medicine, drug or other substance; the child was duly born at seven months. She testified that defendant was the father, and that he had had connection with her once within six weeks prior to the conversation of June fifteenth.

The defendant denied this conversation and admitted having had connection with her for some months prior to January fifth, but not afterwards. There was a sharp conflict as to the facts, which we need not discuss.

The important question raised in this case is whether the word "advises" in the statute does or does not imply that the advice must be followed in order to constitute the crime. All the other words in the section in a similar position include some act other than mere speech. Such are, "prescribes, supplies, administers;" "uses or causes to be used." And where the word "advises" is used the connection is, "advises or causes a woman to take."

Further, the person who does any of these is declared to be guilty of abortion. Now, abortion is the producing of young before the natural time; though the word must have a qualified meaning in this section, since the crime may be committed, according to the language, in respect to a woman who is not pregnant.

It is true that the word "advises" of itself does not imply that the advice is followed. Advice which is rejected is still advice. But we must judge of the meaning here by the context. Section 295 provides for the punishment of the pregnant woman who takes a medicine or uses an instrument, or submits to its use with intent to produce her miscarriage. And section 294 provides for the punishment of the accessory, including even the offense of giving medicine with such intent to one not pregnant. Probably this part of the section was enacted in view of the injurious effect of such medicine on a woman whether pregnant or not. But no injury could be done to a pregnant woman or to her child by advice not acted upon. One who counsels another to commit a crime is now a principal. (Penal Code, § 29; *People* v. *Bliven*, 112 N. Y., 82) But where the crime is not committed, such a person is not a principal, whatever counsel he may have given.

We have no occasion to consider the subject of attempts to commit a crime (Penal Code, § 34) because the defendant was not convicted of an attempt to commit abortion. (Sec. 686.) He was convicted of having committed abortion; and, therefore, the question is presented whether that crime is committed by advice which is not acted upon.

The legislature were careful to explain that abortion might be committed on a woman not pregnant. It seems to us that if they intended that abortion could also be committed by mere speech followed by no act, they should have stated this unequivocally. As they have not done this, we are of opinion that the word "advises" in this section, like the word "causes" which stands in the same connection, implies that the woman advised acted upon the advice and took the medicine, drug or substance. We are of opinion that mere advice to take medicine where no medicine, drug or substance of any kind is taken, and where, therefore, no injury has been done to any one, cannot be the crime of abortion.

The judgment and conviction must be reversed and a new trial granted.

LANDON and MAYHAM, JJ., concurred.

Judgment and conviction reversed and new trial granted.