State v. Nicholson.

---

STATE OF MISSOURI, Respondent, v. ALEXANDER NICH-OLSON, Appellant.

St. Louis Court of Appeals, February 13, 1894.

1. **Appellate Jurisdiction:** EFFECT OF TRANSFER OF CAUSE FROM SUPRÊME COURT. This court must assume jurisdiction of an appeal in a criminal proceeding which has been transferred to it by the supreme court as involving only a misdemeanor, though it may find the case to be one of felony according to prior rulings of the supreme court.

2. Practice, Appellate : WEIGHING THE EVIDENCE IN CRIMINAL CASES. An appellate court will not reverse a judgment of conviction in a. criminal case, on the ground that the verdict is not supported by the evidence, unless there is an entire failure of proof, or the evidence of the prosecution is of such a weak or flimsy character as to author- ize the inference that the finding was the result of passion, prejudice or mistake.

3. Criminal Law : GENERAL VERDICT UNDER INDICTMENT CONTAINING SEVERAL COUNTS, BUT CHARGING A SINGLE OFFENSE. When an indict- ment containing two counts charges but a single offense, a general verdict is proper.

*Appeal from the Shannon Circuit Court.*—Hon. W. N. Evans, Judge.

AFFIRMED.

No brief filed for appellant.

*R. F. Walker,* Attorney General, for respondent..

(1) Where the indictment in several counts charges. the different means by which the offense had or might have been committed, it is unnecessary for the verdict. to specify upon which count the jury found defendant guilty. A general verdict is sufficient. *State v. Brooks,.* 92 Mo. 584; *State v. Blair,* 69 Mo. 317; *State v. McDonald,* 85 Mo. 539; *State v. Miller,* 67 Mo. 604; *State v. Sivils,* 105 Mo. 530; *State v. Elvins,* 101 Mo.. 243; *State v. Jackson,* 99 Mo. 60; *State v. Montgomery,* 98 Mo. 399; *State v. Robb,* 90 Mo. 30. (2) Counsel for defendant insist that the testimony is insufficient to support the verdict and the judgment predicated theron. The well-established rule in this state is, that where the testimony is sufficient, in the judgment of the trial court, to warrant the submission of the question of defendant's guilt or innocence to the jury, and they have found him guilty, such action will not be reviewed here unless it clearly and affirmatively appears that.

this discretion has been abused. *State v. Jackson*, 106 Mo. 181; *State v. Orrick*, 106 Mo. 111; *State v. Lowe*, 93 Mo. 547; *State v. Howell*, 100 Mo. 628; *State v. Hicks*, 92 Mo. 432; *State v. Music*, 71 Mo. 401; *State v. Hammond*, 77 Mo. 158; *State v. Gann*, 72 Mo. 374; *State v. Moxley* (decided May 23d—not yet reported).

BIGGS, J.—The defendant was indicted, tried and convicted, under section 3620 of the Revised Statutes of 1889, which reads: "Every person who shall willfully and maliciously kill, maim or wound any horse, mare, colt, mule, ass or neat or horned cattle of another, shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding three years, or by imprisonment in the county jail not less than six months, or by a fine of not less than $50, or by both such fine and imprisonment." The punishment of the defendant was assessed at imprisonment in the county jail for the period of six months. The circuit court granted the defendant an appeal to the supreme court.

The supreme court has transferred the case to this court, the order of transfer reciting that an opinion was filed in the cause, but such opinion, if filed, does not appear in the record, nor among the reported decisions of that court. The order of transfer also recites that, in the opinion of the court, the offense charged was a misdemeanor, and that for this reason it had no jurisdiction of the appeal.

The statute, Revised Statutes, 1889, section 3975 thus defines a misdemeanor: "The term 'misdemeanor,' as used in this or any other statute, shall be construed as including every offense punishable *only* by fine or imprisonment in a county jail, or both." A felony is thus defined: "The term 'felony,' when used in

this or any other statute, shall be construed to mean any offense for which the offender, on conviction, shall be *liable* by law to be punished with death or imprisonment in the penitentiary, and no other." Section 3973 of the Revised Statutes of 1889.

The appellate jurisdiction of this court in criminal matters is confined to misdemeanors. The supreme court in the cases of *State v. Green*, 66 Mo. 631, and *State v. Reeves*, 97 Mo. 668, held that, although a felony may, by the terms of the statute, be punished by fine or imprisonment in the county jail, or both, such offense is not thereby robbed of its felonious character. Under these decisions it is quite clear that we have no right to decide this case. But the supreme court has transferred it and has not favored us with a copy of its opinion; therefore we can only assume that the court has overruled its former decisions on this question. *State v. Farrell*, 23 Mo. App. 176; *State v. Kaub*, 23 Mo. App. 177.

The appellant has filed no brief. During the month of June, 1888, the prosecuting witness and the defendant resided in the same neighborhood in Shannon county. The evidence for the state tended to prove that on the night of June 12 the prosecuting witness turned one of his horses on the range; that during that night the horse's tongue was cut off about two-thirds; that within about forty days thereafter the animal died from the effect of the wound; that on the morning of the thirteenth it was found just outside of the defendant's inclosure; that the tracks of the horse and also the tracks of a man were found inside of the defendant's field, indicating that the animal had been caught in the corner of the fence; that the tracks of the man were traced into the barn lot of the defendant; that the tracks were measured, and that they were found to correspond exactly in size with the boot or shoe worn by

the defendant at that time, and that the track was peculiar by reason of the heel of the boot or shoe being worn off, which was similar to the heel on one of the boots or shoes worn by the defendant.

The defendant denied the charge, and he and his wife both testified that he was not outside of the house during the night, and that in the morning he only went as far as the barn for the purpose of feeding his horses. The defendant also proved by other witnesses that the horse did not die from the effects of the wound.

The defendant was convicted entirely on circumstantial evidence. We have looked carefully into the instructions, and find that the law applicable to that character of evidence in criminal cases was stated to the jury in a way most favorable to the defendant. He has nothing to complain of on that score.

There were two counts in the indictment. One charged the defendant with maiming the animal, and the other with killing it. The jury returned a general verdict. There was no error in this. The indictment charged but one and the same offense, and there ought to have been but one count. The single and only charge was that the defendant cut the horse's tongue. The fact that the injury was such as to finally cause the death of the animal only aggravated the original offense, and did not create another.

The chain of circumstances establised by the evidence fully justified the submission of the case to the jury. An appellate court will not reverse the judgment in a criminal case on the ground that the verdict is not supported by the evidence, unless there is an entire failure of proof, or the evidence of the prosecution is of such a weak or flimsy character as to authorize the inference that the finding was the result of passion, prejudice or mistake. *State v. Howell*, 100 Mo. 628.

The defendant offered to prove by several wit-

nesses that one Charles Williams admitted to them that he had maimed the animal, and that the defendant had nothing to do with it. The court very properly refused to hear this evidence. The point does not deserve discussion.

We have gone through the record, and our conclusion is that there is no error. The judgment will be affirmed. All the judges concur.