## THE STATE ex rel. WILLIAM A. GASTON v. GEORGE H. SHIELDS, Judge.

### Division Two, July 19, 1910.

1. **STATUTE: Repeal by Implication.** A subsequent statute re-
vising the whole subject of the former one, and evidently in-
tended as a substitute for it, operates to repeal the former,
although it contains no express words to that effect.

2. ———: ———: **Abortion.** The Act of 1907 repealed sections
1823, 1825 and 1853 of the Revised Statutes of 1899, although
in express words it repeals only section 1825. The Act of
1907 contains every element of the offense of abortion de-
nounced by said sections 1823, 1825 and 1853, and the only dif-
ference between it and them is that it makes the offense de-
nounced by section 1853 a felony instead of a misdemeanor.

3. **INDICTMENT: Abortion: Felony or Misdemeanor.** An in-
dictment, charging that defendant, "with force and arms, in
and upon . . . a pregnant woman, then and there will-
fully, feloniously and unlawfully, did make an assault; and
did then and there willfully, feloniously and unlawfully use and
employ in and upon the body and womb of her . . . a cer-
tain instrument or instruments, the nature and description of
which are to the grand jurors unknown, and did then and

there willfully and feloniously and unlawfully thrust and force said instrument or instruments into the private parts and womb of her . . . with the intent, then and there, to promote and produce a miscarriage and abortion upon and to the person of her . . . the same not being then and there necessary to preserve the life of the said pregnant woman," etc., charges an offense in apt words under the Act of 1907, which declares that "any person who, with intent to produce or promote a miscarriage or abortion . . . uses upon a woman, whether actually pregnant or not, any instrument or other method or device to produce a miscarriage or abortion (unless the same is necessary to preserve her life, etc.), shall, in the event of the death of the death of said woman, or of any quick child whereof she may be pregnant, being occasioned thereby, upon conviction be adjudged guilty of manslaughter in the second degree, and punished accordingly; and in case no such death ensue, such person shall be guilty of the felony of abortion, and upon conviction be punished by imprisonment in the penitentiary." It does not charge the offense denounced by Sec. 1853, R. S. 1899, since said section makes the offense denounced by it a misdemeanor, and said section was repealed by the Act of 1907 by necessary implication, since they are in irreconcilable conflict.

4. ——: ——: ——: Jurisdiction: Prohibition. Since said indictment charges a felony, the circuit court for the trial of criminal cases, which has jurisdiction to try felonies and none to try misdemeanors, has jurisdiction to try relator, the defendant in said indictment, and the Supreme Court by its writ of prohibition will not prohibit the judge of said court from trying defendant under said indictment, upon the false theory that the indictment charges only a misdemeanor and is based on Sec. 1853, R. S. 1899.

5. FELONY OF ABORTION. The words used in the Act of 1907, declaring that certain persons shall be guilty of "the felony of abortion," were simply meant to distinguish the felony denounced by the act from other felonies. The wording is awkward, but the effect would be the same if the act had simply said "shall be guilty of a felony" instead of "shall be guilty of the felony of abortion."

6. ——: Attempt. Nor does said act by the use of the words "shall be guilty of the felony of abortion" declare it to be an abortion to administer medicine to, or use an instrument upon, an unpregnant woman, except in case of medical necessity. What the act does, among other things, is to declare that to sell or give medicine to or use an instrument upon a woman, whether actually pregnant or not, "with intent to produce or

promote a miscarriage or abortion," is a felony, and it is the intent that the statute strikes at; and though it declares that one guilty of any of these things, with that intent, unless it be necessary to preserve her life, etc., shall be guilty of "the felony of abortion," whereas there can in fact be no abortion unless the woman is pregnant, its purpose is plain, and hence it is upheld.

## Prohibition.

WRIT DENIED.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for relator.

(1) An absolute writ of prohibition should issue, because the pleadings herein show that the offense with which relator is charged is a misdemeanor and not a felony. The facts alleged in the indictment constitute the offense defined by Sec. 1853, R. S. 1899. This section has never been repealed. Section 1825, R. S. 1899, was amended by Laws of 1901, p. 127, and said act was declared by this court unconstitutional in the case of State v. Hartley, 185 Mo. 669, because, "There can be no manslaughter at common law where there is no homicide." State v. Young, 55 Kan. 349. Section 1825, R. S. 1899, was again amended in 1907 by an act approved March 20, 1907, Laws 1907, page 230. The Act of 1907 undertakes to define the felony of abortion and says in effect that one is guilty of the felony of abortion who with intent to promote or produce an abortion advises a woman to take any medicine, whether actually pregnant or not. Bouvier's Dictionary defines Abortion as "the expulsion of the foetus at a period of utero-gestation so early that it has not acquired the power of sustaining an independent life." It is self-evident that there can be no abortion without pregnancy, and for the reasons given by this court in the Hartley case, the law, in so far as it attempts to define the felony of abortion, is inoperative

and invalid. (2) Prohibition is proper remedy. State ex rel. v. Foster, 187 Mo. 590. (3) The indictment alleges facts which constitute a violation of sec. 1853, R. S. 1899, and the offense denounced by that statute is a misdemeanor. The circuit court of St. Louis for the trial of criminal causes, has no jurisdiction of misdemeanors, and it is its duty under the statute to order the case transferred to the St. Louis Court of Criminal Correction, the court which has exclusive jurisdiction of misdemeanors in St. Louis. State ex rel. v. Foster, 187 Mo. 590.

*Arthur N. Sager* and *C. A. Newton* for respondent.

(1) A careful comparison of the indictment in this case with the Act of 1907, will disclose the fact that the language of the indictment follows the language of the statute. It will also disclose the further fact that the indictment contains language which is contained in the Act of 1907, and not contained in Sec. 1853, R. S. 1899, upon which relator contends that the indictment in this case is based. The indictment in this case contains the words "duly licensed" physician. These words are contained in the Act of 1907, but they are not contained in Sec. 1853, R. S. 1899. The indictment contains the words "certain instrument and instruments." The Act of 1907 contains the words "any instrument." These words are not contained in section 1853, R. S. 1899. The indictment contains the word "feloniously." The Act of 1907, contains the phrase "shall be guilty of the felony of abortion." The use of the word "feloniously" in the indictment is good pleading under the Act of 1907, but it would not be proper pleading if the indictment was based on sec. 1853, R. S. 1899. (2) There is an obvious conflict between Sec. 1853, R. S. 1899, and the Act of 1907; they are thoroughly inconsistent with and repugnant to each other; both sections cannot stand together, and the Act of 1907 be-

ing the later statute, Sec. 1853, R. S. 1899, is repealed by implication. The elements of the crime of abortion, where no death ensues, as defined by section 1853, R. S. 1899, and as defined in the Act of 1907, with the exception of the words and phrases cited above, are practically identical, making it almost, if not absolutely, impossible to draw an indictment which will conform to the language of one section which will not also conform to the language of the other. But the obvious conflict and repugnancy appears when we observe that Sec. 1853, R. S. 1899, defines the crime as a misdemeanor, while the Act of 1907 defines the same crime as a felony. The language of the indictment in this case follows the language of the Act of 1907. If the indictment in this case rests upon section 1853, as contended by relator, then it is impossible to draw an indictment under the Act of 1907. And since there is such an obvious repugnancy as to the punishment, it is clearly evident that both statutes cannot stand, and that the later statute must prevail. A subsequent statute which is clearly repugnant to a prior one, and which is so clearly inconsistent that the two cannot stand together, necessarily repeals the former one, although no express words of repeal are used. State v. Taylor, 186 Mo. 608; State ex rel. v. Macon Co., 41 Mo. 458; State ex rel. v. McDonald, 38 Mo. 535; State ex rel. v. Dolan, 93 Mo. 467; Manker v. Faulhaber, 94 Mo. 430; State ex rel. v. Wofford, 121 Mo. 61; State ex rel. v. Spencer, 164 Mo. 48. (3) Respondent also contends that, since every element of the crime of abortion which is contained in either Sec. 1825 or Sec. 1853, R. S. 1899, is included in the Act of 1907, the Legislature, by enacting a new section covering the whole subject of abortion, has repealed Sec. 1825, R. S. 1899, by specification, and Sec. 1853 by implication. It is clearly evident that the real object which the Legislature had in view when it enacted the Act of 1907, was to make the crime of abortion, where no death ensued, a felony instead of a mis-

demeanor, and to embrace all the laws on the subject of abortion under one section. State v. Roller, 77 Mo. 120; Smith v. State, 14 Mo. 152; Bartell v. King, 12 Mass. 537; Nicholls v. Squire, 5 Pick. 168; Com. v. Cooley, 10 Pick. 37; State v. Taylor, 186 Mo. 608.

BURGESS, J.—This is an original proceeding for a writ of prohibition, addressed to the respondent, the Honorable George H. Shields, Judge of the circuit court of the city of St. Louis, Division No. 10, for the trial of criminal causes, to prohibit him from entertaining jurisdiction, and from taking any further cognizance, of the case of State of Missouri versus William A. Gaston.

Among other things, the petition alleges "that said circuit court has original jurisdiction in criminal causes other than misdemeanors, and that said court has no jurisdiction in criminal causes that are misdemeanors.

"That on August 31, 1908, there was presented by the grand jurors of the State of Missouri, within and for the body of the city of St. Louis, and filed in the office of the clerk of the circuit court of said City of St. Louis for the trial of criminal causes, an indictment against petitioner in words and figures as follows, to-wit:

" 'The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oaths present that William A. Gaston, on or about the thirteenth day of July, one thousand nine hundred and eight, at the city of St. Louis aforesaid, with force and arms, in and upon one Mabel Thompson, a pregnant woman, then and there willfully, feloniously and unlawfully, did make an assault; and did then and there willfully, feloniously and unlawfully use and employ in and upon the body and womb of the said Mabel Thompson, a certain instrument and instruments, the

nature and description of which are to these grand jurors unknown, and did then and there willfully and feloniously and unlawfully thrust and force said instrument and instruments into the private parts and womb of the said Mabel Thompson, with the intent, then and there, to promote and produce a miscarriage and abortion upon and to the person of the said Mabel Thompson, the same not being then and there necessary to preserve the life of the said pregnant woman, to-wit, the said Mabel Thompson, and not being then and there advised by a duly licensed physician to be necessary for that purpose; against the peace and dignity of the State.' ''

The said indictment, as quoted in the petition, contains three other counts, the language and allegations of which, except the allegations as to the means employed to promote and produce the alleged abortion, are the same as above quoted.

Continuing, the petition states: ''That afterwards said cause was assigned to Division 10 of said court, and same is now pending therein. That defendant afterwards filed in said court a motion to transfer said cause to the St. Louis Court of Criminal Correction, because the indictment herein charged defendant with a violation of section 1853, Revised Statutes of Missouri 1899, and that the offense denounced by said statute is a misdemeanor. That afterwards, on the 19th day of October, 1908, said motion coming on to be heard was by the court overruled. And the said petitioner herewith exhibits to the court an exemplification under the seal of the said circuit court for the trial of criminal causes and the hand of the clerk thereof, the indictment, in establishment of the matters stated in his petition.''

The petition further alleges, in substance, that the said indictment is based upon section 1853, Revised Statutes 1899, and that under said statute the offense

230 Sup—7

charged in the indictment is a misdemeanor, and that the facts alleged in the indictment show that the offense charged therein is a misdemeanor; that under and by virtue of the statutes in such cases made and provided, the said circuit court of the city of St. Louis, Division 10, has no jurisdiction to try, hear or determine the cause, and is entirely without jurisdiction in the premises; that the said George H. Shields, judge of the said court, will retain jurisdiction of said cause, and continue to wrongfully usurp, arrogate and assume jurisdiction thereof, and hear, try and determine said cause unless prohibited by this court.

For his return to the preliminary rule in prohibition, respondent denies that the offense of abortion alleged in the indictment set out in relator's petition is a misdemeanor, and alleges that under the statute of this State, approved March 20, 1907, Laws 1907, p. 230, the offense charged in the indictment is a felony, and within the jurisdiction of said circuit court. Respondent prays that the preliminary writ be quashed, annulled and set aside.

Upon this return the relator moved for judgment, which motion is taken to admit all facts well pleaded in the return.

I. The relator contends that the facts alleged in the indictment set out in the petition constitute the offense defined by section 1853, Revised Statutes 1899, while respondent insists that said indictment is bottomed on section 1825, Laws of 1907, page 230.

Section 1853, Revised Statutes 1899, upon which relator contends the indictment is based, is as follows:

"Sec. 1853. Every person who shall willfully administer to any pregnant woman any medicine, drug or substance whatsoever, or shall use or employ any means whatsoever with intent thereby to procure abortion or the miscarriage of any such woman, unless the same shall have been necessary to preserve the life of such woman, or shall have been advised by a physician

to be necessary for that purpose, shall, upon conviction, be adjudged guilty of a misdemeanor, and punished by imprisonment in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment; but if the death of such woman ensue from the means so employed, the person so offending shall be deemed guilty of manslaughter in the second degree.''

The Act of 1907, alluded to, reads as follows:

''Section 1. That section 1825 of article 2, chapter 15, of the Revised Statutes of Missouri 1899, entitled 'Crimes and Punishments,' be, and the same is hereby, repealed, and the following new section inserted in lieu thereof, to be known as section 1825, and reads as follows:

''Section 1825. Any person who, with intent to produce or promote a miscarriage or abortion, advises, gives, sells or administers to a woman (whether actually pregnant or not), or who, with such intent, procures or causes her to take, any drug, medicine, or article, or uses upon her, or advises to or for her the use of, any instrument or other method or device to produce a miscarriage or abortion (unless the same is necessary to preserve her life or that of an unborn child, or if such person is not a duly licensed physician, unless the said act has been advised by a duly licensed physician to be necessary for such a purpose), shall, in event of the death of said woman, or any quick child whereof she may be pregnant, being thereby occasioned, upon conviction be adjudged guilty of manslaughter in the second degree, and punished accordingly; and in case no such death ensue, such person shall be guilty of the felony of abortion, and upon conviction be punished by imprisonment in the penitentiary not less than three or more than five years, or by imprisonment in jail not exceeding one year, or by fine not exceeding $1000, or by both such fine and imprisonment; and any practitioner of medicine or surgery, upon con-

viction of any such offense, as is above defined, shall be subject to have his license or authority to practice his profession as physician or surgeon in the State of Missouri revoked by the State Board of Health in its discretion. Approved March 20, 1907.''

The indictment in question follows the language of the Act of 1907, and would seem to have been based thereon, rather than on section 1853, Revised Statutes 1899. In the indictment the criminal act is charged to have been done ''feloniously,'' and with a certain ''instrument,'' with intent to ''promote'' and produce a miscarriage or abortion, the said act not having been advised by a ''duly licensed'' physician. The terms quoted (none of which are found in said section 1853) are all contained in the Law of 1907. Again, the word ''feloniously'' in the indictment is good pleading under the latter law, but it would not be good pleading under section 1853.

With the exception of the words and phrases quoted, it is noticeable that the elements of the crime of abortion, where no death ensues, as defined in the old statute and the new, are practically identical, making it almost, if not wholly, impossible to draw an indictment which will conform to the language of one section which will not also conform to the langauge of the other. But there is an irreconcilable conflict and repugnancy between the said statutes in this, that section 1853 defines the crime as a misdemeanor, while the later statute denominates it a felony. Both statutes cannot stand together. While the indictment follows the language of the Act of 1907, yet the relator contends that the indictment rests upon section 1853. If this be true, then it is impossible to draw an indictment under the new law.

It is settled doctrine that a subsequent statute necessarily repeals a prior one when there is between them a conflict and repugnancy so clear that the two cannot stand together. [State ex rel. v. Macon County,

41 Mo. 458; State ex rel. v. McDonald, 38 Mo. l. c. 535; State ex rel. v. Dolan, 93 Mo. 467; Manker v. Faulhaber, 94 Mo. 430; State ex rel. v. Wofford, 121 Mo. 61; State ex rel. v. Spencer, 164 Mo. 48; State v. Taylor, 186 Mo. 608.]

Every element of the crime of abortion which is contained in sections 1825 and 1853, Revised Statutes 1899, is included in section 1825, Laws of 1907, and while the latter expressly repeals only section 1825, Revised Statutes 1899, it also repeals section 1853 by implication. It is quite clear that the real object which the Legislature had in view when it enacted the Law of 1907 was to make the crime of abortion, where no death ensues, a felony, instead of a misdemeanor, as it was under section 1853, and to embrace all the laws on the subject of abortion in one section. Prior to the passage of the Laws of 1907 we had three sections covering different phases of this subject.

Section 1823, Revised Statutes 1899, made it manslaughter in the first degree for a person *to kill any woman*, by administering to her any drugs or using upon her any instrument with intent to destroy pregnancy, unless such act was a medical necessity.

Section 1825 made it manslaughter in the second degree for a person to *destroy any quick child*, of which a woman might be pregnant, while attempting to commit an abortion upon such woman by the use of drugs or any instrument, unless such act was a medical necessity.

Section 1853 made it a misdemeanor for a person to administer to a pregnant woman any drug, or to employ any other means whatsoever, *with intent to produce an abortion*, unless such act was a medical necessity. If the death of the woman ensued, as the result of such act, the crime was manslaughter in the second degree.

A careful examination of these three sections and of the Act of 1907 will disclose the fact that every

phase and element of the crime of abortion contained in sections 1823, 1825 and 1853, Revised Statutes 1899, is embraced in the Act of 1907.

The rule is that a subsequent statute revising the whole subject of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former. [Smith v. State, 14 Mo. 152; State v. Roller, 77 Mo. 120; State v. Summers, 142 Mo. l. c. 595; Meriwether v. Love, 167 Mo. l. c. 521; State ex rel. v. Patterson, 207 Mo. l. c. 145; State v. Crane, 202 Mo. 54.] In our judgment, sections 1823, 1825 and 1853, Revised Statutes 1899, were repealed by said section 1825, Laws of 1907.

II. Relator insists that the Act of 1907 "says in effect that one is guilty of the felony of abortion who, with intent to promote or produce an abortion, advises a woman to take any medicine, whether actually pregnant or not," and argues that the law, in so far as it attempts to define the felony of abortion, is inoperative and invalid, for the reason that there can be no abortion without pregnancy.

This argument would be unanswerable were the word "abortion" used in its ordinary sense. Bouvier defines abortion as "the expulsion of the foetus at a period of utero-gestation so early that it has not acquired the power of sustaining an independent life." In 1 Cyc., p. 170, abortion is defined as "the delivery or expulsion of the human foetus prematurely, or before it is yet capable of sustaining life." But this is not the sense in which the word is used in the phrase "shall be guilty of the felony of abortion." That is simply a designation for the crime condemned to distinguish it from other felonies. Strictly speaking, "abortion" is not of itself a crime, nor does this nor any other statute make it such. "It is quite clear that the word 'miscarriage' [abortion], in its legal acceptation, does not necessarily include the destruction of the

child before its birth, and a design to cause its miscarriage is not the same thing as a design to destroy the child." [Smith v. State, 33 Maine 48.]   The production of abortion is not the offense denounced by the statute, but *the intent* to produce a miscarriage or abortion, by administering drugs, using instruments, etc., where the act is not a medical necessity.   The intent constitutes the gravamen of the offense, and the failure of the attempt has no bearing whatever upon the guilt of the defendant, as the actual production of a miscarriage is unnecessary to the completion of the offense.   "If the noxious substance is administered or the instrument is used with intent to produce a miscarriage, the crime is complete." [Dougherty v. People, 1 Colo. 514.]

Many of the states have statutes similar to ours. The New York statute (Penal Code, 1896, sec. 294) reads thus:

"Section 294.   A person who, with intent thereby to procure the miscarriage of a woman, unless the same is necessary to preserve the life of the woman, or of the child with which she is pregnant, either

"1.   Prescribes, supplies or administers to a woman *whether pregnant or not,* or advises or causes a woman to take any medicine, drug or substance; or

"2.   Uses, or causes to be used, any instrument or other means,

"Is *guilty of abortion,* and is punishable by imprisonment in a state prison for not more than four years, or in a county jail for not more than one year."

In People v. Phelps, 61 Hun 115, and in People v. Van Zile, 73 Hun 534, it was held that under this statute the crime of abortion could be committed on a woman, whether pregnant or not.   In the former case the court said, in effect, that the term "abortion," as used in the Penal Code, section 294, providing that any one who advises or causes a woman to use drugs, etc., with intent to produce a miscarriage, shall be guilty of

"abortion," was not to be understood in its ordinary meaning of producing young before the natural time, but also included the attempt to produce such result. The same statute is construed and upheld in People v. Conrad, 92 N. Y. Supp. 606.

The statute of Massachusetts on abortion (Pub. Stats. Mass., chap. 207, sec. 9), is as follows:

"Whoever, with intent to procure miscarriage of a woman, unlawfully administers to her, or advises or prescribes for her, or causes to be taken by her, any poison, drug, medicine, or other noxious thing, or unlawfully uses any instrument or other means whatever with the like intent, or with like intent aids or assists therein, shall, if the woman dies in consequence thereof, be imprisoned in the state prison not exceeding twenty nor less than five years, and, if the woman does not die in consequence thereof, shall be punished by imprisonment in the state prison not exceeding seven years nor less than one year, and by fine not exceeding two thousand dollars."

Construing this statute in Comm. v. Taylor, 132 Mass. 261, the court held that it was not necessary to the maintenance of an indictment for an attempt to procure the miscarriage of a woman, that she should be pregnant with child.

Under the statute of 1 Vict., c. 85, sec. 6, from which the Massachusetts law was borrowed, it was held in the case of Regina v. Goodchild, 2 Car. & Kir. 293 (61 Eng. Com. Law 292), that on the trial of an indictment for using an instrument with intent to procure the miscarriage of a woman, it was immaterial whether the woman was actually pregnant or not.

The Florida statute is substantially the same as that of Massachusetts. In Eggart v. State, 40 Florida, 527, the Supreme Court of that State said: "Our statute, like those from which it was borrowed, was designed to punish the *attempt* to procure the miscarriage of any woman by any of the means mentioned in the

statute, whenever such attempt is made with an un-lawful *intent.* And when an information or indict-ment, charging such offense, follows the language of the statute, it is sufficient;" citing Comm. v. Sholes, 13 Allen 554; Comm. v. Grover, 16 Gray 602; Comm. v. Tibbetts, 157 Mass. 519; Powe v. State, 48 N. J. L. 34.

It will be seen that the expression "felony of abor-tion" occurs in that part of the statute which pre-scribes the punishment. The elements of the offense or offenses are fully described in other portions there-of. If the phrase "shall be guilty of the felony of abor-tion" were changed to read "shall be guilty of a fel-ony," as it might be without in any way impairing the validity of the statute, there would then be no basis for the point raised by relator. Indeed the words "of abortion," as they occur in the phrase quoted, are redundant and superfluous, and add nothing whatever to the efficacy of the statute. Doubtless they were em-ployed by the Legislature for no other purpose than to characterize the crime, the elements of which are set forth in the act.

The statute is not a model of grammatical con-struction, and there is room for amendment and im-provement in this particular; but the intention of the Legislature is clear enough, and that is the important thing. While criminal statutes are to be construed strictly against the State and liberally in favor of the defendant, this rule does not authorize courts to so in-terpret them as to render such statutes nugatory and defeat the obvious purpose of the Legislature. [State v. Woodward, 182 Mo. 391; State v. Tower, 185 Mo. 79.] It is obvious that one of the objects of the Legis-lature in enacting the Law of 1907, supra, was to make it a felony for any person, with intent to produce an aborton, to sell, give or administer any drug to, or use any instrument upon, a woman, whether pregnant or not, unless such act was a medical necessity. The degree of punishment prescribed depends not upon

the criminal act but rather upon its results. If the woman, or any quick child whereof she may be pregnant, die in consequence of such act, the crime is manslaughter in the second degree; if no such death ensue, it is a felony punishable as prescribed in the statute.

We see no reason for interfering with the court in the due consideration of the case. The writ of prohibition should be denied, and the preliminary rule should be and is ordered to be quashed at the cost of the relator. All concur.